Filed 6/3/14  P. v. Zimmerman CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RAYMOND LEE ZIMMERMAN,<br><br>    Defendant and Appellant. | E059076<br><br>(Super.Ct.No. FSB033212)<br><br>ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING<br>[NO CHANGE IN JUDGMENT] |

The petition for rehearing is denied.  The opinion filed in this matter on May 14, 2014, is modified as follows:

On page 15, line 3; the number 3,076 should be changed to "3,077."

On page 15, lines 4 and 16; the number 4,565 should be changed to "4,566."

On page 15, lines 5 and 15; the number 4,069 should be changed to "4,070."

On page 15; footnote No. 6 should be deleted.

1

Except for these modifications, the opinion remains unchanged. The modifications do not affect a change in the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

KING
J.

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059076 |
| v. | (Super.Ct.No. FSB033212) |
| RAYMOND LEE ZIMMERMAN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed as modified.

D. Inder Comar, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Anthony DaSilva and Peter Quon, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

1

A jury found defendant and appellant Raymond Lee Zimmerman guilty of five counts of second degree burglary (Pen. Code, § 459; counts 1, 4, 5, 6, 7);[1] two counts of possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a); counts 2 & 8); and one count of receiving stolen property (§ 496, subd. (a); count 3). The jury also found true that defendant had committed counts 4, 5, 6, 7, and 8 while on bail or released on his own recognizance (former § 12022.1). The jury further found true that defendant had suffered two prior prison terms (§ 667.5, subd. (b)) and two prior serious or violent felony strike convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). As a result, defendant was sentenced to a total indeterminate term of 50 years to life, plus a determinate term of four years in state prison.

Subsequently, pursuant to the Three Strikes Reform Act (the Reform Act), the trial court vacated defendant's sentence, finding defendant satisfied the criteria of section 1170.126, and resentenced defendant to a total determinate term of 18 years eight months in state prison with a credit of 1,489 days for time served. On appeal, defendant makes several claims relating to how the trial court imposed his sentence on the various counts and the calculation of his custody credits. For the reasons explained below, we will modify defendant's sentence and direct the superior court clerk to amend the abstract of judgment. In all other respects, we will affirm the judgment.

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

# I

## FACTUAL AND PROCEDURAL BACKGROUND[2]

Between January and March 2002, defendant participated in a string of commercial burglaries within the cities of Loma Linda, Grand Terrace, San Bernardino, and Highland.

### A.  *January 10, 2002 Incident – Counts 1, 2 and 3*

On January 10, 2002, officers were dispatched to an alarm that occurred at a restaurant in Grand Terrace.  Upon arrival, the business owner informed officers that a cash register and a credit card swiping machine were stolen.  Other officers at the scene observed a vehicle leave the area of the business and conducted a traffic stop of the vehicle.  Officers noticed a cash register and a credit card swiping machine on the floor of the vehicle.  A search of the vehicle also revealed miscellaneous burglary tools and a small baggie containing rock cocaine.  Defendant, who was a passenger in the vehicle, and the driver were arrested.

Defendant was charged with and convicted of second degree burglary (§ 459; count 1); possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a); count 2); and receiving stolen property (§ 496, subd. (a); count 3).

### B.  *March 3, 2002 Incident – Count 4*

On March 3, 2002, an unknown suspect forced entry into a Subway restaurant in Loma Linda and stole an external CD-ROM drive from the business's cash register.

---

[2]  The factual background is taken from the probation officer's report.

Through videotape investigation, officers learned defendant was involved in the burglary. Defendant was subsequently charged with, and convicted of second degree burglary (§ 459; count 4).

C.  *March 6, 2002 – Count 5*

On March 6, 2002, officers were dispatched to a burglary of a Subway restaurant in San Bernardino. Upon arrival, the store's owner informed the officers that a cash register had been stolen. The officers viewed the store's videotape surveillance system, and observed an individual burglarizing the business. Following a subsequent investigation, the suspect was identified as defendant. Defendant was charged with and convicted of second degree burglary (§ 459; count 5).

D.  *March 10, 2002 – Count 6*

According to the facts pled in the amended information, on March 10, 2002, defendant entered a Subway restaurant in San Bernardino with the intent to commit a larceny and felony.[3] Defendant was convicted of second degree burglary (§ 459; count 6).

E.  *March 21, 2002 – Count 7*

On March 21, 2002, officers were dispatched to a commercial burglary report of a donut shop in Highland. Unknown suspects had broken in the glass door, entered the building, and stolen property from therein. Further investigation revealed defendant was

---

[3] The probation report does not contain a factual background for this burglary.

4

the perpetrator of the offense.  Defendant was subsequently charged with and convicted of second degree burglary (§ 459; count 7).

F.    *March 28, 2002 – Count 8*

On March 28, 2002, deputies conducted a traffic stop of a vehicle driven by defendant.  During a search of the vehicle, officers located large amounts of pry bars, pry tools, bolt[4] cutters, gloves, slim jims, and screwdrivers.  Based on information from the previously reported burglaries, defendant was arrested.  Defendant also had in his possession a controlled substance, to wit, cocaine.  Defendant was subsequently charged with and convicted of possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a); count 8).

Additionally, at the time defendant committed counts 4, 5, 6, 7, and 8, defendant was released from custody on bail or his own recognizance in case No. FSB033212.

G.    *Procedural Background*

On December 6, 2004, following defendant's convictions and true findings on the enhancement allegations, defendant was sentenced to a total term of 54 years to life in state prison.

On November 6, 2012, the electorate passed Proposition 36, also known as the Three Strikes Reform Act.  Among other things, this ballot measure enacted section 1170.126, which permits persons currently serving an indeterminate life term under the "Three Strikes" law to file a petition in the sentencing court, seeking to be resentenced to

---

[4] The probation officer's report erroneously refers to "boat" cutters.

a determinate term as a second striker. (§ 1170.126, subd. (f).) If the trial court determines, in its discretion, that the defendant meets the criteria of section 1170.126, subdivision (e), the court may resentence the defendant. (§ 1170.126, subds. (f), (g).)

Section 1170.126, subdivision (e), provides, as pertinent here, that a defendant is eligible for resentencing if he or she is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of section 667 or subdivision (c) of section 1170.12 "for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (§ 1170.126, subd. (e)(1).)

On November 20, 2012, defendant filed a petition for resentencing under section 1170.126.

The trial court granted the petition on May 10, 2013, finding defendant eligible for resentencing under section 1170.126. The court resentenced defendant to a total term of 18 years eight months as follows: the upper term of six years on count 1 (January 10 burglary); a consecutive term of one year four months on count 2 (January 10 possession of a controlled substance); a concurrent term of two years on count 3 (January 10 receiving stolen property); a consecutive term of one year four months on count 4 (March 3 burglary); a consecutive term of one year four months on count 5 (March 6 burglary); a consecutive term of one year four months on count 6 (March 10 burglary); a consecutive term of one year four months on count 7 (March 21 burglary); a concurrent term of four

years on count 8 (March 28[5] possession of a controlled substance); two consecutive two-year terms for the true finding he committed counts 4 and 7 while on bail or released on his own recognizance; and two consecutive one-year terms for the two prior prison terms. The court granted defendant a total of 1,489 days of presentence custody credits (993 days actual plus 496 conduct credits) as of February 2, 2005.

## II

## DISCUSSION

A.  *Sentence for Counts 1 and 3*

Defendant argues that when the trial court resentenced him it erred in failing to stay execution of the concurrent sentence for the January 10 receiving stolen property conviction (count 3) pursuant to section 654, because that count arose from the same act as the January 10 burglary conviction (count 1).  The People correctly concede the error.

Section 654 prohibits multiple punishment for a single act or indivisible course of conduct.  (§ 654, subd. (a); *People v. Deloza* (1998) 18 Cal.4th 585, 591 (*Deloza*).)  When a defendant is convicted of two offenses that are part of an indivisible course of conduct, the sentence for one of the offenses must be stayed.  (*Deloza* at pp. 591-592.)

Whether a course of criminal conduct is divisible allowing multiple punishment under section 654 depends on whether the defendant had a separate objective for each offense.  (*People v. Britt* (2004) 32 Cal.4th 944, 951-952.)  "If all of the crimes were merely incidental to, or were the means of accomplishing or facilitating one objective, a

---

[5]  The probation officer's report shows this date as March 28, 2002.  The first amended information filed on April, 25, 2003, shows this date as March 29, 2002.

7

defendant may be punished only once." (*People v. Perry* (2007) 154 Cal.App.4th 1521, 1525.)  In contrast, if the defendant "had several independent criminal objectives, he may be punished for each crime committed in pursuit of each objective, even though the crimes shared common acts or were parts of an otherwise indivisible course of conduct." (*Ibid.*)

When there is a temporal or spatial separation between offenses, giving the defendant time to reflect and renew his or her intent, the defendant's decision to continue a course of criminal conduct supports a finding that the defendant entertained multiple criminal objectives.  (*People v. Kwok* (1998) 63 Cal.App.4th 1236, 1253-1257; *People v. Surdi* (1995) 35 Cal.App.4th 685, 689.)  This time-for-reflection principle may apply even when multiple crimes share the same objective.  (*Kwok*, *supra*, at pp. 1253-1257.)

Whether a defendant harbored a single intent is a factual question for the trial court.  (*People v. Harrison* (1989) 48 Cal.3d 321, 335.)  The trial court's determination will be upheld on appeal if supported by substantial evidence.  (*People v. Osband* (1996) 13 Cal.4th 622, 730-731.)

With respect to the offenses of burglary and receiving stolen property, where the charge of receiving stolen property is based on the same theft of property underlying the burglary charge, both offenses are committed with a single intent and objective, and punishment for the lesser offense must be stayed under section 654.  (*People v. Allen* (1999) 21 Cal.4th 846, 864-865; *People v. Landis* (1996) 51 Cal.App.4th 1247, 1253-1254.)

8

Here, defendant was charged with, and convicted of, committing burglary and receiving stolen property on January 10, 2002. Defendant was a passenger in a car that police stopped as the car drove from the area of the burglarized business. Items taken from the business were found in the car along with burglary tools.

Although the record does not disclose the length of time between the burglary and defendant's arrest with the stolen items, a reasonable inference from the probation officer's report shows the offenses were separated by a short temporal or spatial time. In addition, at the time defendant was sentenced in December 2004, the trial court found, and the prosecutor and defense counsel agreed, that section 654 required that court to stay the sentence on defendant's conviction for receiving stolen property (count 3). As such, we agree with the parties, that under the facts of this case, it appears defendant harbored a single intent and objective in committing the January 10 burglary (count 1) and the January 10 receiving stolen property offense (count 3).

Thus, the execution of the sentence on the receiving stolen property (count 3) conviction should have been stayed pursuant to section 654.

B.      *Sentence for the On-Bail Enhancement*

Defendant also contends that the trial court, when it resentenced him in May 2013, erred in imposing two two-year on-bail enhancements, because he was on bail or released on his own recognizance based on one case prior to committing his subsequent crimes. He therefore asserts that one of his former section 12022.1 on-bail enhancements should be stricken. The People correctly concede the error.

9

Former section 12022.1 provided, in pertinent part: "Any person arrested for a secondary offense which was alleged to have been committed while that person was released from custody on a primary offense shall be subject to a penalty enhancement of an additional two years which shall be served consecutive to any other term imposed by the court." (Former § 12022.1, subd. (b).) A "[p]rimary offense" is defined as "a felony offense for which a person has been released from custody on bail or on his or her own recognizance prior to the judgment becoming final." (*Id.*, subd. (a)(1).) A "[s]econdary offense" is defined as "a felony offense alleged to have been committed while the person is released from custody for a primary offense." (*Id.*, subd. (a)(2).)

The court in *People v. Augborne* (2002) 104 Cal.App.4th 362 explained that an on-bail enhancement relates to the nature of the offender, not the nature of the offense, and accordingly only one on-bail enhancement should be imposed under circumstances where a defendant was released on bail in *one* case when he or she commits new offenses. (*Id.* at pp. 376-377.) In *Augborne*, the defendant committed two secondary offenses while released from custody on one primary offense. The trial court sentenced the defendant to two former section 12022.1 enhancements for the secondary offenses. The appellate court concluded that when only one primary offense has been committed for which the defendant is released on bail, regardless of the number of secondary offenses that are committed, only one on-bail enhancement can be imposed. (*Augborne*, *supra*, at pp. 375-377.)

10

Former section 12022.1 has also been interpreted to allow the court to impose two on-bail enhancements where the defendant commits two primary offenses and two secondary offenses. (*People v. Warinner* (1988) 200 Cal.App.3d 1352, 1355-1356.) Additionally, two on-bail enhancements may be imposed if the defendant commits a secondary offense while released on a primary offense and then commits another secondary offense while released on bail on the first secondary offense. (*People v. Mackabee* (1989) 214 Cal.App.3d 1250, 1262.) However, a single primary offense will not support two on-bail enhancements based on the defendant's commission of two secondary offenses. (*Ibid.*)

Here, defendant was released on bail or on his own recognizance following his January 10 offenses for burglary, receiving stolen property, and drug possession, which were charged in case No. FSB033212. Former section 12022.1 enhancements were alleged as to counts 4 through 8, and the jury found true the on-bail allegations as to each of those counts. At the first December 6, 2004 sentencing hearing, the trial court struck three of the five former section 12022.1 on-bail true findings, leaving the true findings as to counts 4 and 7. At the May 10, 2013 resentencing hearing, the trial court imposed two, two-year on-bail enhancements as to counts 4 and 7. This, however, was in error. Defendant committed the underlying offenses (counts 4 and 7) (the secondary offenses) while he was released for the primary offenses of burglary, receiving stolen property, and drug possession in case No. FSB033212. Since the former section 12022.1 enhancements were based on bail or release in *one* case, the trial court was limited to

11

enhancing defendant's sentence once.  We will therefore strike one of the on-bail enhancements.

C.      *Recalculation of Presentence Custody Credits*

Defendant contends that the trial court erred in failing to recalculate his credits for actual time served when he was resentenced and his sentence was modified following the grant of his petition to recall his initial sentence under section 1170.126.  Defendant relies on *People v. Buckhalter* (2001) 26 Cal.4th 20 (*Buckhalter*) to contend that this modification required the court to calculate the days he spent in custody from December 7, 2004, through May 10, 2013, and to include these days in his abstract of judgment.

The People respond that defendant is "wrong," because he was in state prison custody, accruing credits based on a different scheme, and that actual custody time accrued while in state prison does not qualify as "presentence" actual time.  The People further argue that *Buckhalter* is inapposite, because defendant here was not resentenced as the "'result of an appellate sentence remand,'" rather "it was modified as a result of the Reform Act."  The People are mistaken.

Section 2900.1 provides:  "Where a defendant has served any portion of his sentence under a commitment based upon a judgment which judgment is subsequently declared invalid or which is *modified* during the term of imprisonment, such time shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts."  (Italics added.)

12

In explaining the application of section 2900.1, the Supreme Court in *Buckhalter* held, "[W]hen a prison term already in progress is modified as the result of an appellate sentence remand, the sentencing court must recalculate and credit against the modified sentence all actual time the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody." (*Buckhalter*, *supra*, 26 Cal.4th at p. 29, italics omitted.) Credit for these days should be awarded in the new abstract of judgment. (*Id*. at p. 41.)

Recently, in *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, the appellate court noted that when a defendant is resentenced under the Reform Act, his or her sentence is *modified*; not vacated for a new sentencing. (*Id*. at p. 1290, fn. 6.) As such, citing *Buckhalter*, *supra*, 26 Cal.4th at p. 23, the court explained, "the trial court should have recalculated [the defendant's] actual time in custody, but not custody credits. [The defendant] was in the custody of the Department of Corrections for the intervening years; he was not entitled to additional presentence conduct credits." (*Kaulick* at p. 1290, fn. 6.)

The People erroneously conclude that *Buckhalter*'s holding is limited to recalculating actual time in custody only where a modification of sentence occurs as a result of an appellate remand. The plain language of section 2900.1 requires time already served to be credited where a judgment "is modified during the term of imprisonment." Furthermore, as defendant points out, the court in *People v. Saibu* (2011) 191 Cal.App.4th 1005 applied the same principles enunciated in *Buckhalter* "when a trial court resentences a defendant pursuant to California Rules of Court, rule 4.452." (*Saibu*,

13

*supra*, at p. 1012.)  The *Saibu* court, quoting *Buckhalter*, *supra*, 26 Cal.4th at page 41, noted, "'the trial court, having modified defendant's sentence, should have determined all actual days defendant had spent in custody, whether in jail or prison, and awarded such credits in the new abstract of judgment.'"  (*Saibu*, *supra*, at p. 1013.)  The *Saibu* court therefore directed the trial court to amend the abstract of judgment to include the number of actual days that the defendant had served in the custody of the Director of the Department of Corrections and Rehabilitation.  (*Ibid*.)

Based on the foregoing, we believe that *Buckhalter's* reasoning similarly applies to a modification of a sentence as a result of the Reform Act.

The trial court here calculated defendant's credits for time served from January 10, 2002, through December 6, 2004, the date defendant was initially sentenced to state prison.  The court awarded defendant 993 days for actual presentence custody time, plus 496 days presentence conduct credits pursuant to section 4019, for a total of 1,489 presentence credits.  When defendant was resentenced on May 10, 2013, the court noted that, on February 2, 2005, defendant had been granted a total of 1,489 days of presentence custody credits, and restated the aggregate credits of 1,489.  The court, however, did not calculate defendant's credits for actual days served in the custody of the Director of the Department of Corrections and Rehabilitation from December 7, 2004, through May 10, 2013.

The trial court's duty to calculate credits does not subsume this court's authority to modify the judgment, however.  (§ 1260.)  Rather than subject the trial court and the parties to an unnecessary expense, we exercise our authority to amend the judgment to

14

add the missing days of actual custody credit. (*People v. Alford* (2010) 180 Cal.App.4th 1463, 1473; § 1260.) Accordingly, defendant is entitled to 1,489 days of presentence credits (993 actual days, 496 conduct days), plus 3,076 actual days he served in state prison from December 7, 2004, through May 10, 2013, for a total of 4,565 days of credits (4,069 actual days and 496 conduct days).[6]

> D.     *Correction of Abstract of Judgment*

Defendant argues that if this court finds his first three contentions unmeritorious, then his current abstract of judgment must be amended due to several errors. Because we find the first three claims meritorious and direct the superior court clerk to amend the abstract of judgment, we need not address defendant's claims related to correcting the abstract of judgment.

## III

## DISPOSITION

The judgment is modified to (1) stay execution of the sentence imposed on the receiving stolen property conviction (count 3), and (2) award 4,069 actual days for time served and 496 conduct credits, for a total credit award of 4,565 days. The superior court is also directed to strike one on-bail enhancement imposed under former section 12022.1. In addition, the superior court clerk is directed to prepare an amended abstract of judgment reflecting the modifications stated in this opinion, and forward a certified copy

---

[6] We note defendant's calculation is off by one day. Defendant calculated 3,077 days; however, the calculation should be 3,076 days.

15

of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

As modified, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

KING
J.