[No. D054980. Fourth Dist., Div. One. Jan. 4, 2011.]

THE PEOPLE, Plaintiff and Respondent, v.
SADIQ SAIBU et al., Defendants and Appellants.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*The opinion filed on January 4, 2011, is ordered certified for partial publication of parts I., II.B., III.G., and IV. only.

**COUNSEL**

Rebecca P. Jones, under appointment by the Court of Appeal, for Defendant and Appellant Sadiq Saibu.

Diane Nichols, under appointment by the Court of Appeal, for Defendant and Appellant Antonio Valentino.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons and Gil Gonzalez, Assistant Attorneys General, and Anthony DaSilva, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

### AARON, J.—

## I.

## INTRODUCTION

Defendants Sadiq Saibu and Antonio Valentino appeal from their convictions and sentences after a jury trial. Saibu and Valentino were convicted for their roles in committing a robbery of a video store, two attempted robberies of a liquor store, and a murder in the same liquor store during one of the attempted robberies.

On appeal, Saibu and Valentino jointly argue that the trial court erred in (1) admitting evidence concerning a bank robbery for which both men were previously convicted; (2) admitting digitally enhanced photographs created from surveillance video of the liquor store, as well as expert testimony regarding the enhancement process; and (3) admitting a videotape of an interview of Saibu's cousin conducted by police detectives. Saibu also contends that the trial court committed reversible error in failing to instruct the jury with CALCRIM No. 703 with respect to the felony-murder special-circumstance allegation, and that there is insufficient evidence to support his conviction for attempted murder. Valentino contends that his abstract of judgment contains a number of errors, and that these errors must be corrected. Finally, both defendants assert that their convictions must be reversed due to the collective prejudice from the court's cumulative errors.

We conclude that the trial court erred in failing to properly instruct the jury with respect to the felony-murder special-circumstance allegation against Saibu, and that this error requires reversal of the jury's true finding as to that special circumstance. We also conclude that Valentino's abstract of judgment must be corrected. However, we reject defendants' remaining claims of error, and therefore otherwise affirm the judgment. We remand the case to the trial court for further proceedings as may be necessary with respect to the felony-murder special-circumstance allegation against Saibu, and for correction of Valentino's abstract of judgment.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. *Factual background**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante*, page 1005.

B. *Procedural background*

On June 23, 2008, the San Diego County District Attorney filed an amended information charging Saibu and Valentino with a number of counts related to the video store robbery and the two liquor store incidents.

Saibu was charged with one count of special circumstance murder (Pen. Code,[3] §§ 187, subd. (a), 190.2, subd. (a)(17) (count 1)); one count of attempted murder (§§ 187, subd. (a), 664 (count 2)); one count of attempted robbery (§§ 211, 664 (count 3), July 13, 2005, T&M Liquor store); one count of car theft (Veh. Code, § 10851, subd. (a) (count 4)); one count of attempted robbery (§§ 211, 664 (count 5), July 12, 2005, T&M Liquor store); two counts of robbery (§ 211 (counts 6 and 7), July 7, 2005, Hollywood Video); and six counts of robbery related to incidents other than the Hollywood Video and T&M Liquor store incidents (§ 211 (counts 8–13)). The information also alleged that Saibu personally used a firearm (§ 12022.53, subd. (b)) with respect to counts 5, 6, 7, 10, 11, 12, and 13, and that he had been convicted of car theft and had been imprisoned as a term of probation (§ 499, subd. (a)).

Valentino was charged with one count of special circumstance murder (§§ 187, subd. (a), 190.2, subd. (a)(17) (count 1)); one count of attempted murder (§§ 187, subd. (a), 664 (count 2)); one count of attempted robbery (§§ 211, 664 (count 3), July 13, 2005, T&M Liquor store); one count of car theft (Veh. Code, § 10851, subd. (a) (count 4)); and two counts of robbery (§ 211 (counts 6 and 7), July 7, 2005, Hollywood Video). The information also alleged that Valentino personally discharged a handgun in committing the offenses charged in counts 1 and 3 (§ 12022.53, subd. (d)); personally discharged a handgun in committing the offense charged in count 2 (§ 12022.53, subd. (c)); and that he had previously been convicted of car theft and had been imprisoned as a term of probation (§ 499, subd. (a)).

On December 22, 2008, the trial court dismissed count 8 (alleged against Saibu only), pursuant to section 995.

The court severed trial of counts 9 through 13 (all alleged against Saibu only) after determining that trying those charges with the charges in counts 1 through 7 would be unduly prejudicial to both defendants.

Jury trial was held between February 3 and March 16, 2009. The jury found both defendants guilty on all counts, and found true the corresponding enhancement allegations.

On April 14, 2009, the trial court sentenced Saibu. Pursuant to California Rules of Court, rule 4.452, the court pronounced a single aggregate term by

---

[3] Further statutory references are to the Penal Code unless otherwise indicated.

combining Saibu's sentence in *People v. Saibu* (Super. Ct. San Diego County, No. SCD193335) with the sentence imposed in this case. In the current case, the court sentenced Saibu to life without the possibility of parole on count 1, plus an additional determinate sentence of two years four months on count 2; eight months on count 5, and three years four months for the corresponding firearm enhancement; five years on count 6, and 10 years for the corresponding firearm enhancement; and one year on count 7, with an additional three years four months for the corresponding firearm enhancement. The court stayed execution of the sentences on counts 3 and 4 pursuant to section 654. With respect to the sentence from the prior case (*People v. Saibu, supra*, SCD193335), the court sentenced Saibu to eight months on count 2; one year on count 3; one year on count 6; and one year on count 9, with an additional three years four months for the corresponding firearm enhancement. The court also stayed execution of the sentences on counts 1, 7 and 10, pursuant to section 654. Saibu's total determinate term was 32 years eight months.

The court sentenced Valentino on May 8, 2009. With respect to count 1, the court sentenced Valentino to life without the possibility of parole, plus 25 years to life for the firearm enhancement. The court also sentenced Valentino to nine years on count 2, plus 20 years for the corresponding firearm enhancement; one year on count 6; and one year on count 7. The court stayed execution of sentence on counts 3 and 4, as well as the enhancement as to count 3. The court also resentenced Valentino in *People v. Saibu, supra*, SCD193335 in accordance with California Rules of Court, rule 4.452. The only change that the court made with respect to the sentence in the earlier case was to stay execution of Valentino's sentence on count 7, pursuant to section 654. Valentino's total determinate term was 31 years.

Both defendants filed timely notices of appeal.

### III.

### DISCUSSION

A.–F.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

G.   *Valentino's abstract of judgment*

Valentino identifies four claimed errors in the abstract of judgment that he maintains require correction. He indicated in his brief on appeal that he was

---

*See footnote, *ante*, page 1005.

in the process of seeking correction of the abstract of judgment directly from the trial court. In response to Valentino's request for corrections, the trial court issued a revised abstract of judgment on January 4, 2010. In his reply brief, Valentino asserts that although the trial court "resolved some of the errors raised in the opening brief, making those issues moot, the court did not resolve them all."

The remaining errors about which Valentino complains are (1) the failure of the trial court to amend the abstract of judgment in *People v. Saibu, supra*, SCD193335 to show Valentino's custody credits for the days served in prison and in county jail while he was awaiting resentencing after the judgment had been modified, and (2) the court's failure to change the entries with respect to counts 6 and 7 in case No. SCD207640 from the upper term to the middle term.

Valentino contends that the abstract of judgment fails to show the number of actual days that he has served in prison in *People v. Saibu, supra*, SCD193335 (the original case in which Valentino was sentenced). He contends that, pursuant to *People v. Buckhalter* (2001) 26 Cal.4th 20 [108 Cal.Rptr.2d 625, 25 P.3d 1103] (*Buckhalter*), the trial court should have recalculated "*all actual time* the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody." (*Id.* at p. 29.)

■ "Defendants sentenced to prison for criminal conduct are entitled to credit against their terms for all actual days of presentence and postsentence custody (Pen. Code, §§ 2900, subd. (c), 2900.5, subds. (a), (b)) . . . ." (*People v. Cooper* (2002) 27 Cal.4th 38, 40 [115 Cal.Rptr.2d 219, 37 P.3d 403], fn. omitted.) However, there are "separate and independent credit schemes for presentence and postsentence custody." (*Buckhalter, supra*, 26 Cal.4th at p. 30.)

■ For custody "prior to the imposition of sentence," persons detained in a county jail, or other equivalent specified local facility, may be eligible to receive, in addition to actual time credits under section 2900.5, presentence good behavior/worktime credits of up to two days for every four days of actual custody. (§ 4019, subds. (a)(4), (b), (c), (e), (f).) " '[T]he court imposing a sentence' has [the] responsibility to calculate the exact number of days the defendant has been in custody 'prior to sentencing,' add applicable good behavior credits earned pursuant to section 4019, and reflect the total in the abstract of judgment. (§ 2900.5, subd. (d); see also [§ 2900.5,] subd. (a).)" (*Buckhalter, supra*, 26 Cal.4th at p. 30.)

■ "Once a person begins serving his prison sentence, he is governed by an entirely distinct and exclusive scheme for earning credits to shorten the

period of incarceration. Such credits can be earned, if at all, only for time served 'in the custody of the Director' (§ 2933, subd. (a)) and pursuant to article 2.5 of chapter 7 of title 1 of part 3 of the Penal Code (commencing with section 2930) (hereafter article 2.5). Under article 2.5, eligible prisoners may shorten their determinate terms . . . by up to six months for every six months actually served by performing, or making themselves available for participation, in work, training or education programs established by the Director. (§ 2933.) Such prison worktime credits, once earned, may be forfeited for prison disciplinary violations and, in some cases, restored after a period of good behavior. (§§ 2932, 2933, subds. (b), (c).) Accrual, forfeiture, and restoration of prison worktime credits are pursuant to procedures established and administered by the Director. (§§ 2932, subd. (c), 2933, subd. (c).)" (*Buckhalter, supra*, 26 Cal.4th at p. 31.)

■ "The sentence-credit statutes make only one express reference to a sentence modified while in progress," and that reference is found in section 2900.1. (*Buckhalter, supra*, 26 Cal.4th at p. 32.) Section 2900.1 provides that "[w]here a defendant has served any portion of his sentence under a commitment based upon a judgment which judgment is subsequently declared invalid or which is modified during the term of imprisonment, such time shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts." The sentencing court must determine such time and reflect it in the abstract of judgment. (§ 2900.5, subds. (a), (d).)

■ Although *Buckhalter* is not directly on point because it concerns the modification of a defendant's sentence "as the result of an appellate sentence remand" (*Buckhalter, supra*, 26 Cal.4th at p. 29), the same principles would appear to apply when a trial court resentences a defendant pursuant to California Rules of Court, rule 4.452. Certainly, a court can be considered to have modified a defendant's original sentence when the court resentences that defendant to a single aggregate term pursuant to rule 4.452. Therefore, under section 2900.1, which specifies that when a sentence is modified while in progress, the "time" already served " 'shall be credited upon any subsequent sentence [the defendant] may receive upon a new commitment for the same criminal act or acts,' " the trial court should, "in its new abstract of judgment, . . . credit him with all *actual* days he had spent in custody, whether in jail or prison, up to that time" (*Buckhalter, supra*, 26 Cal.4th at p. 37).

■ Valentino served a portion of his sentence in *People v. Saibu, supra*, SCD193335 before the court sentenced him to a single aggregate term in case No. SCD207640 and *People v. Saibu, supra*, SCD193335, and should be credited for all of the time that he has been in custody. (See *Buckhalter, supra*,

26 Cal.4th at p. 41 ["the trial court, having modified defendant's sentence, should have determined all actual days defendant had spent in custody, whether in jail or prison, and awarded such credits in the new abstract of judgment"].)

We therefore direct the trial court to amend the abstract of judgment to reflect not only the presentence custody credits that Valentino earned in *People v. Saibu, supra*, SCD193335, but also the number of days that Valentino has served in the custody of the Director of the Department of Corrections and Rehabilitation.[9]

As to the trial court's failure to change the term entries for counts 6 and 7 in case No. SCD207640 in the abstract of judgment, the court correctly identified the sentences imposed on counts 6 and 7 in case No. SCD207640 as one year for each count, which is one-third of the middle term for those offenses. This was correct. However, in the column in which the court is to identify which of the three terms it is imposing, i.e., the upper, middle, or lower term, the court indicated with a "U" that it was selecting the upper term for each of those counts. In so doing, the trial court was indicating the sentence that it would have selected if it had the option to select a term other than one-third the middle term on those counts.[10]

Pursuant to section 1170.1, subdivision (a), once the court identified the principal term, the court was required to impose "one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed." We agree with Valentino that the trial court should have indicated the term that the court actually imposed on Valentino, *not* the sentence that it would have imposed if it had the option of selecting a term other than the middle term. (See *People v. Riolo* (1983) 33 Cal.3d 223, 227 [188 Cal.Rptr. 371, 655 P.2d 723] [" '[T]erm of imprisonment' must refer to the actual sentence imposed by the court, not to the sentence that might have been imposed by the court under other circumstances."].) We therefore direct that Valentino's abstract of judgment be amended to indicate that the court imposed the middle term with respect to counts 6 and 7 in case No. SCD207640.

---

[9] To be clear, Valentino is not eligible for "credits of the presentence kind" (*Buckhalter, supra*, 26 Cal.4th at p. 33) for the portion of time that he served in the custody of the director under his original commitment in *People v. Saibu, supra*, SCD193335. Rather, for that portion of time, Valentino's "accrual of term-shortening sentence credits can arise only under laws and rules specifically applicable to prisoners in the Director's custody." (26 Cal.4th at p. 30.)

[10] The trial court explained that this is what it was doing in a letter that the court sent to the parties along with an amended abstract of judgment. Pursuant to California Rules of Court, rule 8.340, the trial court clerk sent this court a copy of the amended abstract of judgment, and the record on appeal was augmented to include the amended abstract of judgment.

IV.

DISPOSITION

The jury's true finding on the robbery-murder special circumstance under section 190.2, subdivision (a)(17) as to Saibu is reversed and the case is remanded for further proceedings. If the People do not elect to timely retry Saibu on the robbery-murder special-circumstance allegation, the trial court shall modify the sentence imposed on the first degree murder count to 25 years to life.

The trial court shall modify Valentino's abstract of judgment to reflect not only the presentence custody credits that Valentino earned in *People v. Saibu, supra*, SCD193335, but also the number of days that Valentino has served in the custody of the Director of the Department of Corrections and Rehabilitation. The court shall also modify Valentino's abstract of judgment to show that the terms associated with counts 6 and 7 in case No. SCD207640 are middle terms, not upper terms. The trial court shall forward the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

In all other respects, the judgment is affirmed.

McDonald, Acting P. J., and O'Rourke, J., concurred.

A petition for a rehearing was denied February 1, 2011, and appellants' petitions for review by the Supreme Court were denied April 27, 2011, S190583.