Filed 1/23/14  P. v. Ruiz CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>CARLOS RENE CAMAAL RUIZ,<br><br>        Defendant and Appellant. | A138242<br><br>(Marin County<br>Super. Ct. No. SC181293A) |

Carlos Rene Camaal Ruiz (appellant) appeals from a judgment entered after he pleaded guilty to continuous sexual abuse of a child (Pen. Code, § 288.5, subd. (a), count 1) [1] and three counts of engaging in a lewd act on a person under the age of 14 (§ 288, subd. (a), counts 5, 9, and 10), and the trial court sentenced him to a total of 22 years in state prison.  He contends the trial court erred in the way it calculated the sentence on counts five, nine and ten.  We affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

On October 10, 2012, a first amended complaint was filed charging appellant with: (1) continuous sexual abuse of a child (§ 288.5, subd. (a), count 1); (2) aggravated sexual assault of a child (§ 269, subd. (a)(1), count 2); (3) rape (§ 261, subd. (a)(2), count 3); (4) oral copulation on a person under age 14 and more than 10 years younger than the defendant (§ 288a, subd. (c), count 4); (5) lewd act on a person under age 14 (§ 288, subd. (a), counts 5, 9, and 10); (6) penetration with a foreign object (§ 289, subd. (j),

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

count 6); (7) attempted sodomy of a person under age 14 and more than 10 years younger than the defendant (§§ 664, 289, subd. (c)(1), count 7); and (8) distribution of lewd material to a minor (§ 288.2, subd. (a), count 8).

On October 10, 2012, appellant pleaded guilty to counts 1, 5, 9, and 10, for a stipulated sentence of 22 years in state prison. On November 21, 2012, the trial court denied appellant's *Marsden* motion (*People v. Marsden* (1970) 2 Cal.3d 118). On January 24, 2013, the trial court granted appellant's motion to proceed *in pro per*.

On March 19, 2013, the trial court denied appellant's motion to withdraw his plea. After reviewing the probation officer's report, the court denied probation and sentenced appellant on count 1 to the upper term of 16 years. On counts 5, 9, and 10, the court imposed subordinate consecutive upper terms of eight years and stayed all but two years on each of the subordinate counts. On March 22, 2013, appellant filed a timely notice of appeal. The court denied his request for a certificate of probable cause.

Because the facts of the crimes are not relevant to the issue presented on appeal, they are briefly stated.[2] Appellant lived with the victim and her mother. On July 12, 2012, the victim, 12 years old, told her mother appellant had been sexually abusing her at least once per week since she was in the fifth grade. She said the abuse occurred in her bedroom when her mother was not home, and that appellant threatened to beat her if she told her mother what he had been doing. In a pretext telephone call, appellant did not deny the allegations. When subjected to a sexual assault forensic examination, the victim told the doctor that appellant had assaulted her by having vaginal and anal intercourse, digitally penetrating her vagina, orally copulating her, and forcing her to orally copulate him.

## DISCUSSION

As noted, the trial court sentenced appellant to a stipulated 22-year term by imposing the upper term of 16 years on count 1, and by imposing the upper term of eight years on subordinate counts 5, 9, and 10, and staying all but two of the eight years on

---

[2]The facts are taken from the probation officer's report.

each of those subordinate counts. Appellant agrees that the total term should have been 22 years, and does not dispute the imposition of the upper term of 16 years on count 1. He also does not dispute the imposition of consecutive two-year terms on each of the three subordinate counts, for a total of six years. However, he disagrees with the way in which the two years on each of the subordinate terms was calculated. Specifically, he argues that instead of imposing the upper term on those subordinate counts and staying all but two years on each count, the court should have selected the middle term on those counts—six years—and imposed one-third of six years, or two years on each count.

The Attorney General (respondent) acknowledges that under section 1170.1, "the 22-year negotiated sentence could have been imposed . . . as follows: the upper base term of 16 years on count 1, and consecutive one-third midterms of two years each on counts 5, 9, and 10." However, it states that it "hardly matters" how the two year terms were calculated. It argues: "The California Supreme Court has held that 'the rule that defendants may challenge an unauthorized sentence on appeal even if they failed to object below is itself subject to an exception: Where the defendants have pleaded guilty in return for a specified sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack fundamental jurisdiction.' (*People v. Hester* (2000) 22 Cal.4th 290, 295)."

We agree with respondent. Here, the trial court had fundamental jurisdiction over appellant—a defendant in a criminal case—as well as subject matter jurisdiction to impose a sentence following a plea. (See *People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1426–1427 [court has fundamental jurisdiction over a criminal defendant and the subject matter of the action].) Thus, even if the court acted in excess of jurisdiction by calculating the two-year terms as it did, it had fundamental jurisdiction to impose the 22-year sentence. We therefore reject appellant's contention that the sentence was unauthorized.[3]

---

[3] *People v. Saibu* (2011) 191 Cal.App.4th 1005, on which appellant relies, is distinguishable. There, the Court of Appeal ordered the abstract of judgment be amended because it did not conform with what the trial court had actually done. (*Id.* at p. 1013.)

## DISPOSITION

The judgment is affirmed.

---

Further, unlike appellant, the defendant in that case raised the issue below by bringing the error to the trial court's attention. (*Id*. at pp. 1010–1011.)

 

 

 

 

 

 

 

 

_____
McGuiness, P.J.

We concur:

_____
Siggins, J.

_____
Jenkins, J.