Filed 5/20/15  P. v. Eads CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C076183 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CRF13-731, CRF14-10) |
| v. | |
| ZACHARY JAMES EADS, | |
| Defendant and Appellant. | |

Defendant Zachary James Eads pleaded no contest to two counts of evading a police officer (Veh. Code, § 2800.2, subd. (a)) in two separate cases, one resulting in injury to a Yuba County Sheriff's deputy.

On appeal, defendant contends the trial court erred in ordering him to pay restitution to Yuba County (County) for the deputy's medical expenses.  The People concede the error, but argue that defendant should be required to pay restitution directly to the injured deputy.  We agree, and modify the restitution order to change the payee to the deputy.

1

Defendant also claims he is entitled to additional custody credit for time served between the date of his original sentencing in an earlier case and the date of his aggregate sentencing in all three cases. The People agree, and so do we. Accordingly, we modify the judgment to add the credit. We affirm the judgment in all other respects.

## BACKGROUND

*Case No. 13-731*

On the evening of November 21, 2013, Yuba County Sheriff's Deputy Watson was driving a marked patrol car when he saw defendant driving an all-terrain vehicle (ATV) down the road without lights or a helmet. Deputy Watson activated his emergency lights and siren and attempted to make contact with defendant. Defendant evaded Watson. Deputy Spears joined the pursuit. Defendant drove the ATV into a field, and eventually crashed into Spears's patrol car, causing Spears minor injuries.

On December 18, 2013, defendant was charged by complaint with felony evading arrest (Veh. Code, § 2800.2, subd. (a); count 1); driving a vehicle with a suspended license, (Veh. Code, § 14601.1, subd. (a); count 2), and three traffic infractions. The complaint also alleged that defendant had served a prior prison term. (Pen. Code, § 667.5, subd. (b).)[1]

*Case No. 14-10*

On January 5, 2014, Yuba County Sheriff's Deputy Lybarger was driving a marked patrol car when he saw defendant driving down the street in a car. Lybarger stopped defendant. Defendant gave Lybarger a false name, and then drove away, leading Lybarger and other deputies on a high-speed chase at speeds up to 100 miles per hour. Defendant drove through several stop signs, drove the wrong way down the freeway, and

---

[1] Further undesignated statutory references are to the Penal Code.

2

eventually drove his car through the fence of a Motel 6. The chase apparently ended when defendant drove into some planters.

On January 9, 2014, defendant was charged by complaint with evading arrest (Veh. Code, § 2800.2, subd. (a); count 1) and two counts of vandalism (§ 594, subd. (b)(1); counts 2 and 3). The complaint also alleged that defendant committed the offenses while he was released on bail or on his own recognizance in yet another felony case, case No. 13-363. (§ 12022.1, subd. (a).)

*Pleas and Sentencing*

On January 29, 2014, the complaint in case No. 13-731 was amended to change the prior prison term allegation to a prior strike conviction (§§ 667, subd. (c) & 1170.12, subd. (a)) and add an on-bail enhancement (§ 12022.1, subd. (a)). The complaint in case No. 14-10 was amended to add the prior strike conviction. (§§ 667, subd. (c) & 1170.12, subd. (a).) Defendant then entered his pleas.

In case No. 13-731, defendant pled no contest to count 1 (evading) and admitted the prior strike allegation and on-bail enhancement. In case No. 14-10, defendant pled no contest to count 1 (evading) and admitted the prior strike allegation and on-bail enhancement. As part of the plea agreement, the parties agreed that defendant's sentence in case Nos. 13-731 and 14-10 would be consecutive and subordinate to the six year prison term already imposed in case No. 13-363.

Defendant appeared for sentencing on February 24, 2014. In anticipation of the sentencing hearing, the probation department prepared a restitution report recommending that defendant be ordered to pay $373.82 plus interest to the County for workers' compensation expenses incurred as a result of Deputy Spears's injuries in case No. 13-731. The restitution report also indicated that defendant was not entitled to any presentence custody credits for the period from January 5, 2014, through February 24, 2014, in case No. 13-731 or case No. 14-10, noting, "On January 13, 2014, the defendant was sentenced to six years state prison in [case No. 13-363] with custody credits awarded

3

from January 5, 2014 through sentencing in that matter. He is not entitled to dual use of credits in this matter."

The trial court sentenced defendant to an aggregate term of 12 years eight months in state prison as follows: complete the six-year sentence in case No. 13-363; plus one year four months (one-third the middle term, doubled) for count 1 and two years for the on-bail enhancement in case No. 13-731; plus one year four months (one-third the middle term, doubled) for count 1 and two years for the on-bail enhancement in case No. 14-10.

The trial court ordered defendant to pay the County $373.82 plus interest for workers' compensation expenses incurred as a result of Deputy Spears's injuries. The trial court did not award defendant any custody credits for the period from January 14, 2014, through February 24, 2014, in case No. 13-731 or case No. 14-10. However, the trial court explained: "Credits are--there aren't any credits in [case No. 14-10] as Probation has indicated Defendant on January 13, 2014, was sentenced to six years in the Department of Corrections out of case number 13-063. So he's given credits on that sentence right now. Today he has zero on this new case, and credits will begin to accrue as according to law. [ . . . ¶ . . . ] But all the credits have gone to the old case. He's a sentenced prisoner serving that time in the Department of Corrections pursuant to the abstract, so he doesn't get credit on this case and the other case."

The abstract of judgment contained the following order regarding custody credits: "Case A [No. 13-363] is an incomplete sentence that began 1-13-14. All previously ordered fines/fees remain and are included in this abstract. The previously ordered credits from that date remain 67 actual plus 66 4019 PC for a total of 133 days AS OF 1-13-14." The abstract of judgment does not reflect an award of presentence custody credits for the period from January 14, 2014, through February 24, 2014, against any part of defendant's aggregate sentence.

Defendant filed a timely notice of appeal.

4

# DISCUSSION

## I

### *Restitution*

Defendant argues, and the People agree, that he cannot be ordered to pay restitution to the County for workers' compensation benefits paid to Deputy Spears because the County was not a direct victim of his crime. We agree with the parties.

Section 1202.4, subdivision (a)(1) provides: "It is the intent of the Legislature that a victim of crime who incurs any economic loss as a result of the commission of a crime shall receive restitution directly from any defendant convicted of that crime." (§ 1202.4, subd. (a)(1).) With one exception not applicable here, the statute provides that "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court *shall* require that the defendant make restitution to the victim or victims in an amount established by court order . . . . The court shall order *full* restitution unless it finds compelling and extraordinary reasons for not doing so, and states them on the record." (§ 1202.4, subd. (f), italics added.) The statute defines "victim" to include a governmental entity that is a "direct victim of a crime." (§ 1202.4, subd. (k)(2).)

In *People v. Birkett* (1999) 21 Cal.4th 226 (*Birkett*), our Supreme Court considered whether insurance companies that reimburse victims for their crime-related losses could be awarded restitution.[2] The court concluded they could not. (*Id.* at pp. 234, 241-245.) With the sole exception of the state-created Restitution Fund, the statute requires courts to order full restitution paid directly to the actual victim of the crime, "regardless of whether, in the exercise of prudence, the victim had purchased private insurance that covered some or all of the same losses." (*Id.* at p. 246.) This result would

---

[2] *Birkett* was decided under former section 1203.04, which contained provisions similar to those at issue here. (*Birkett, supra,* 21 Cal.4th at pp. 230-231, 247-248, fn. 21; see also *People v. Hove* (1999) 76 Cal.App.4th 1266, 1270-1271 (*Hove*).)

prevent the offender from receiving a "windfall from the fortuity that the victim was otherwise reimbursed." (*Ibid.*)

Among other cases discussed in *Birkett* is *People v. Franco* (1993) 19 Cal.App.4th 175, which involved facts similar to those presented here. (*Birkett, supra,* 21 Cal.4th at p. 238.) In *Franco*, the court of appeal held that a defendant convicted of assaulting a police officer could not be ordered to pay restitution to the city for the workers' compensation benefits it paid to the injured officer. (*Franco,* at p. 185.) Under the facts of the case, the court explained, "the [c]ity stands in the position of [the officer's] insurer. That it made good on the obligation imposed upon it 'does not make it the victim of a crime.' " (*Ibid.*) The court struck the restitution award to the city and refused to order an equal amount of restitution to be paid to the injured officer, reasoning that such an award would result in a double recovery for the officer. (*Ibid.*)

Defendant argues, and the People concede, that *Birkett* and *Franco* require reversal of the restitution order, which compensates the County for its workers' compensation costs. The parties disagree as to the appropriate remedy. Defendant, relying on *Franco*, argues we should strike the restitution order. The People argue that the *Franco* court's remedy is no longer good law in light of *Birkett*, and urges us to modify the restitution order to make the restitution award payable directly to Deputy Spears, instead of the County.

Section 1202.4 requires the trial court to order restitution where the victim has suffered economic loss, and *Birkett* makes clear that restitution is available "regardless of that victim's reimbursement from other sources." (*Birkett, supra,* 21 Cal.4th at p. 246; see also *Hove*, *supra*, 76 Cal.App.4th at pp. 1271-1274 [finding *Birkett* applicable in a sentenced prisoner case where the victim's medical expenses were paid by Medicare and Medi-Cal].) Accordingly, we will modify the restitution order to reflect payment to Deputy Spears rather than to the County.

## II

### *Custody Credits*

Next, defendant contends the trial court erred in failing to award him custody credits for the period from January 14, 2014, through February 24, 2014. The parties agree, as do we, that defendant is entitled to credit on his aggregate sentence for the time he served between the date of his original sentencing on January 13, 2014, and the date of his resentencing (with the other two cases) on February 24, 2014. (*People v. Saibu* (2011) 191 Cal.App.4th 1005, 1011-1012 (*Saibu*).) This is 42 days.[3] Accordingly, we will modify the judgment to add 42 days of custody credit.

## DISPOSITION

The restitution order is modified to reflect Deputy Spears as the payee. The judgment is modified to award defendant an additional 42 days of credit. As modified, the judgment is affirmed. We direct the trial court to prepare an amended abstract of judgment reflecting these changes and forward a certified copy to the Department of Corrections and Rehabilitation.

                                                                        _____DUARTE_____, J.

We concur:

_____RAYE_____, P. J.

_____HOCH_____, J.

_____

[3] Any *conduct* credits for that period are calculated and awarded by the Department of Corrections and Rehabilitation. (*Saibu*, *supra*, 191 Cal.App.4th at p. 1013, fn. 9.)