Filed 2/25/21  P. v. Iverson CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>TONY IVERSON,<br><br>        Defendant and Appellant. | D077556<br><br><br>(Super. Ct. No. SCE394250) |


APPEAL from a judgment of the Superior Court of San Diego County, Steven E. Stone, Judge.  Affirmed in part, reversed in part and remanded with directions.

Robert V. Vallandigham, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Heather Arambarri and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Tony Iverson of burglary of an inhabited dwelling (Pen. Code,[1] §§ 459, 460) and using the personal identification information of another person (§ 530.5, subd. (a)). Iverson admitted two prior serious felony prior convictions (§ 667, subd. (a)(1)) and three prior strikes (§ 667, subds. (b)-(i)).

The trial court dismissed the strike priors and one of the serious felony priors. The court selected a determinate term of 11 years eight months in prison. The court determined the term would be served consecutively to the two-year term Iverson was currently serving in a separate case (case No. SCE388312), for a total of 13 years eight months.

Iverson appeals challenging only the sentence imposed. Iverson argues, and the People agree, the court failed to comply with section 1170.1, subdivision (a) in the calculation of the aggregate term for the two cases. Iverson also contends, and the People again agree, the court erred in the calculation of custody credits and that the abstract of judgment must be amended to delete reference to a 15 percent custody credit limitation. After reviewing the record, we agree with the parties as to each issue. We will vacate the sentence and remand the case to the trial court for a new sentencing hearing.

STATEMENT OF FACTS

The facts of the offenses are not relevant to the resolution of the issues in this appeal. We will include the short summary of the facts as set forth in the respondent's brief to provide context for the case.

In June 2019, Scott J. discovered that his wallet, which included a credit card and driver's license, had been taken from his car.

---

[1] All further statutory references are to the Penal Code.

2

On July 3, 2019, a person purporting to be Scott J. rented a U-Haul truck.

On July 11, 2019, Megan F. arrived at her home in Ramona to discover a man and a woman in the process of burglarizing it. When she confronted them outside the house, they drove off in a U-Haul truck in which they had already loaded many of her possessions. A black bandana that they left behind contained DNA, which was later shown to match appellant's DNA.

San Diego police officers discovered the U-Haul, which had by now been reported as stolen, in Ocean Beach. Appellant's DNA was discovered on the steering wheel of the U-Haul truck. A wallet found in the truck contained personal identifying information for both Scott J. and appellant.

## DISCUSSION

### A. Aggregate Term

The parties contend the trial court erred by imposing a full-strength consecutive term for case No. SCE388312. We agree with the parties.

Section 1170.1, subdivision (a) provides:

> "(a) Except as otherwise provided by law, and subject to Section 654, when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements for prior convictions, prior prison terms, and Section 12022.1. The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any term imposed for applicable specific enhancements. The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction

3

for which a consecutive term of imprisonment is imposed, and shall include one-third of the term imposed for any specific enhancements applicable to those subordinate offenses. Whenever a court imposes a term of imprisonment in the state prison, whether the term is a principal or subordinate term, the aggregate term shall be served in the state prison, regardless as to whether or not one of the terms specifies imprisonment in a county jail pursuant to subdivision (h) of Section 1170."

(See also Cal. Rules of Court, rule 4.452(a).)

Where there are two separate cases, each with a determinate term, the sentencing court has the obligation to determine a single, aggregate term for both cases, applying the appropriate rules for such calculation.

### B. Custody Credits

Once the court calculates an aggregate term, it must then determine the total custody credits the defendant should receive as to the new term. (*People v. Saibu* (2011) 191 Cal.App.4th 1005, 1013.)

The abstract of judgment makes reference to credits being limited to 15 percent under section 2933.1, subdivision (a) which limits such credits where the conviction is for a felony under section 667.5, subdivision (c). As the parties contend, the burglary conviction here does not qualify for such limitation. Such limitation would only apply if "it is charged and proved that another person, other than an accomplice, was present in the residence during the commission of the burglary." (§ 667.5, subd. (c)(21)). No such charge was alleged or proved in this case.

The burglary in case No. SCE388312 was second degree burglary, to which section 2933.1 does not apply.

### DISPOSITION

The sentence is vacated, and the matter is remanded for a new sentencing hearing. At such hearing, the trial court shall select an aggregate

term for both cases and determine the total custody credits for the aggregate term. The abstract of judgment should not reference the 15 percent limitation.

Once the sentencing hearing is completed, the court shall prepare a new abstract of judgment and forward it to the Department of Corrections and Rehabilitation. In all other respects the judgment is affirmed.


HUFFMAN, J.

WE CONCUR:


BENKE, Acting P. J.


HALLER, J.