Filed 3/14/22  P. v. Ratcliffe CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E076359 |
| v. | (Super.Ct.No. RIF1103874) |
| ANTOINE RATCLIFFE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Bernard J. Schwartz, Judge.  Modified and remanded with directions.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, and Eric A. Swenson and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Antoine Ratcliffe was convicted of first degree murder and other crimes arising out of a gang-related shooting.

1

He was originally sentenced on May 22, 2015. In his appeal, we affirmed the judgment with respect to the conviction but remanded for resentencing. (*People v. Ratcliffe* (Feb. 11, 2020, E063690) [nonpub. opn.].) Thus, on December 4, 2020, defendant was resentenced to five consecutive life terms, including one without the possibility of parole, plus 91 years.

The trial court awarded defendant 1,414 days of custody credits — the number of days he had been in custody through May 22, 2015, the date of the original sentencing hearing.

Defendant contends that he was entitled to 3,437 days of custody credits — the number of days he had been in custody through December 4, 2020, the date of the resentencing hearing.

As the People concede, defendant can raise this contention for the first time on appeal. "A sentence that fails to award legally mandated custody credit is unauthorized and may be corrected whenever discovered. [Citation.]" (*People v. Taylor* (2004) 119 Cal.App.4th 628, 647.)

Under Penal Code section 1237.1, "an error in the calculation of presentence custody credits" cannot be raised as the sole issue on appeal unless it was raised in the trial court. Here, however, the additional credits that defendant is seeking are technically postsentence — not presentence — custody credits. (Pen. Code, §§ 2900, subd. (c), 2900.1; *People v. Buckhalter* (2001) 26 Cal.4th 20, 31-33.)

2

As the People further concede, defendant is indeed entitled to custody credit for the time between the original sentencing and the resentencing.  (Pen. Code, § 2900.1; see *People v. Buckhalter*, *supra*, 26 Cal.4th at p. 37; *People v. Garner* (2016) 244 Cal.App.4th 1113, 1118; *People v. Saibu* (2011) 191 Cal.App.4th 1005, 1012.)  We accept the People's concession that the correct amount of credit is a total of 3,437 days.

## DISPOSITION

The judgment is modified so as to award defendant a total of 3,437 days of credit. On remand, the clerk of the superior court is directed to prepare an amended sentencing minute order and an amended abstract of judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____
P. J.


We concur:

McKINSTER _____
J.

FIELDS _____
J.

3