Filed 7/29/22  P. v. Saibu CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SADIQ SAIBU,<br><br>    Defendant and Appellant. | D078729<br><br><br>(Super. Ct. No. SCD207640) |

APPEAL from a judgment of the Superior Court of San Diego County, David M. Gill, Judge. Appeal dismissed without prejudice.

Rebecca P. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Daniel Rogers, Acting Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting, Anthony Da Silva, and Daniel Hilton Deputy Attorneys General, for Plaintiff and Respondent.

By amended information in case No. SCD207640, the San Diego County District Attorney charged Sadiq Saibu and codefendant Antonio Valentino

with a number of counts related to a video store robbery and two liquor store incidents. Saibu was charged with one count of special circumstance murder (Pen. Code,[1] §§ 187, subd. (a), 190.2, subd. (a)(17); count 1); one count of attempted murder (§§ 187, subd. (a), 664; count 2); one count of attempted robbery (§§ 211, 664; count 3 [July 13, 2005, T&M Liquor Store]); one count of car theft (Veh. Code, § 10851, subd. (a); count 4); one count of attempted robbery (§§ 211, 664; count 5 [July 12, 2005, T&M Liquor Store]); two counts of robbery (§ 211; counts 6 & 7 [July 7, 2005 [Hollywood Video]); and six counts of robbery related to incidents other than the Hollywood Video and T&M Liquor Store incidents (§ 211, counts 8-13). It was further and specially alleged that Saibu personally used a firearm (§ 12022.53, subd. (b)) with respect to counts 5, 6, 7, 10, 11, 12 and 13, and that he had been convicted of car theft and had been imprisoned as a term of probation (§ 499, subd. (a)).

The superior court dismissed count 8 (alleged against Saibu only), pursuant to section 995, and severed counts 9 through 13, also alleged against Saibu only, after determining that trying those charges with counts 1 through 7 would be unduly prejudicial to both defendants.[2] The jury found Saibu and Valentino guilty on all counts and found true the corresponding enhancement allegations.

On April 14, 2009, the trial court pronounced a single aggregate term pursuant to California Rules of Court, rule 4.452 by combining Saibu's

---

[1]    Statutory references are to the Penal Code unless otherwise specified.

[2]    The People subsequently dismissed counts 8 through 13.

separate sentence in case No. SCD193335[3] with the sentence imposed in case No. SCD207640. The court sentenced Saibu to prison for a determinate term of 32 years and eight months and a consecutive indeterminate term of life without the possibility of parole as follows:

In case No. SCD207640, the superior court sentenced Saibu to life without the possibility of parole on count 1, plus an additional determinate sentence of 25 years and eight months. The sentence was calculated in the following manner: two years and four months on count 2; eight months on count 5, and three years and four months for the corresponding firearm enhancement; five years on count 6, and 10 years for the corresponding firearm enhancement; and one year on count 7, with an additional three years and four months for the corresponding firearm enhancement. The court stayed execution of the sentences on counts 3 (attempted robbery on July 13, 2005, of the T&M Liquor Store) and 4 (car theft).

In case No. SCD193335, the trial court sentenced Saibu to seven years in prison as follows: eight months on count 2 (§ 236 [false imprisonment), one year on count 3 (§ 211 [robbery]), one year on count 6 (§ 211 [robbery]), and one year on count 9 (§ 211 [robbery]), with an additional three years and four months for the corresponding personal firearm use enhancement (§ 12022.53, subd. (b)). The superior court also stayed execution of the sentences on counts 1 (§ 182, subd. (a)(1) [conspiracy to commit three bank robberies]),

---

[3]    There is some confusion as to the proper case number for this second case. In their briefs, the parties use both case Nos. SCD193335 and SCD195049 to refer to the same case. Further, in the court transcript, we note several references to case Nos. SCD193335 and SCD195049, which appear to refer to the same case. The reason for the use of the two different case numbers in the superior court is not apparent on the face of the record, and Saibu simply offers that case No. SCD193335 "also had a superior court number of SCD195049." To avoid confusion is this opinion, we use case No. SCD193335.

7 (Veh. Code, § 10851, subd. (a) [car theft]), and 10 (§ 245, subd. (a)(1) [assault with a firearm]), pursuant to section 654.

Saibu appealed his conviction in case No. SCD207640, arguing, among other things, that the trial court prejudicially erred in failing to instruct the jury with CALCRIM No. 703 with respect to the felony murder special circumstance allegation. In the published portion of our opinion, we agreed with Saibu on the jury instruction contention and reversed the jury's true finding on the robbery-murder special circumstance under section 190.2, subdivision (a)(17). (See *People v. Saibu* (2011) 191 Cal.App.4th 1005, 1014.) We remanded the matter for further proceedings.

The People elected not to retry Saibu on the special circumstance allegations, and the superior court modified the sentence imposed on the first degree murder count to 35 years to life in prison.

In 2019, Saibu filed a petition for resentencing under section 1172.6[4] as to his murder conviction, contending he was not a major participant in the underlying felony murder and did not act in reckless indifference to human life. The superior court granted the requested relief, vacating Saibu's murder conviction and setting the matter for resentencing.

The People appealed this order in case No. D078391.

On March 5, 2021, the superior court sentenced Saibu to prison for 33 years eight months as follows: In case No. SCD207640, the upper term of five years for count 6 (§ 211 [robbery]), which was deemed the principal count, and 10 years for the corresponding firearms enhancement (§ 12022.5, subd. (b)); one-third the midterm concurrent sentences of two years and four

---

4    Saibu brought his motion under former section 1170.95, which was renumbered as section 1172.6 without substantive change on June 30, 2022. (See Stats. 2022, ch. 58 (Assem. Bill 200), § 10, eff. June 30, 2022.) As such, we refer to the subject statute by its current number throughout this opinion.

months on count 2 (§ 664/187, subd. (a) [attempted murder]); six months on count 3 (§ 664/211 [attempted robbery]); eight months on count 4 (Veh. Code § 10851, subd. (a) [car theft]); six months on count 5 (§ 664/211 [attempted robbery]) and three years and four months for the corresponding firearm enhancement (§ 12022.53, subd. (b)); and one year on count 7 (§ 211 [robbery]), with an additional three years and four months for the corresponding firearm enhancement (§ 12022.53, subd. (b)).

In case No. SCD193335, one-third the midterm concurrent sentences of one year on count 9 (§ 211 [robbery]), with an additional three years and four months for the corresponding personal firearm use enhancement (§ 12022.53, subd. (b)); one year on count 3 (§ 211 [robbery]); one year on count 6 (§ 211 [robbery]); and eight months on count 7 (Veh. Code, § 10851, subd. (a) [car theft]). The trial court stayed execution of the sentences on counts 1 (§ 182, subd. (a)(1) [conspiracy to commit three bank robberies]), and 10 (§ 245, subd. (a)(1) [assault with a firearm]), pursuant to section 654.

The court also maintained all prior restitution orders.

Saibu appeals his new sentence, arguing that the superior court erred by vacating his prior stays under section 654 and maintaining the restitution order requiring that he pay for the murder victim's funeral.[5] As part of his argument under section 654, Saibu claims the court improperly resentenced him under counts 2 (attempted murder) and 3 (attempted robbery) because both those offenses are based on the same single act and conduct. However, in addressing the People's appeal in case No. D078391, we affirmed the court's order but remanded the matter back to the superior court to consider

---

[5] While this appeal was pending, we granted Saibu's motion to file a supplemental brief regarding the need to remand this matter to the superior court for resentencing consistent with Senate Bill No. 567. (Stats. 2021, ch. 731.) The People filed a supplemental respondent's brief.

whether Saibu is entitled to relief under Senate Bill No. 775 (Stats. 2021, ch. 551), which amended section 1172.6 to expand eligibility for resentencing to persons convicted of attempted murder. (See *People v. Saibu* (July 26, 2022, D078391) ____ Cal.App.5th ____.) As such, it is possible that Saibu's conviction for attempted murder cannot stand, and Saibu would be resentenced again. Therefore, we find this matter moot until it is determined whether the attempted murder conviction is found valid under section 1172.6.

The appeal is dismissed without prejudice.


HUFFMAN, Acting P. J.

WE CONCUR:


O'ROURKE, J.


DO, J.

6