Filed 11/21/24  P. v. Carr CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL PATRICK CARR,<br><br>    Defendant and Appellant. | F087299<br><br>(Super. Ct. No. F17906850)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Alvin M. Harrell III, Judge.

Rex A. Williams, under appointment by the Court of Appeal, Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Louis M. Vasquez, Kari Mueller, and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P. J., Smith, J. and Snauffer, J.

## **INTRODUCTION**

In one consolidated case, appellant Michael Patrick Carr was charged with 14 counts arising from three separate incidents. He plead not guilty by reason of insanity. Following a jury trial, Carr was found legally insane during the commission of two counts; the jury was unable to reach a unanimous verdict on the 12 remaining counts. The trial court declared a mistrial on those 12 counts, and Carr was retried pursuant to a bench trial.

The trial court found that Carr was legally insane during the commission of some of the offenses, but sane as to others. He was sentenced to an aggregate determinate term of 18 years in state prison. Because Carr's sanity had not been restored at the time of sentencing (see Pen. Code,[1] § 1026.2), the trial court committed him to the Department of State Hospitals and stayed his prison sentence pending restoration of his sanity.

On June 21, 2023, we affirmed Carr's conviction on direct appeal, but remanded the matter back to the lower court for a new sentencing hearing following the enactment of Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill No. 567). (See *People v. Carr* (Jun. 21, 2023, F083650) [nonpub. opn.].)

On November 30, 2023, following a resentencing hearing, the trial court reimposed a sentence of 18 years in state prison, comprised of the upper term of three years for making criminal threats (count 4), plus the upper term of 10 years for the attached firearm use enhancement (§ 12022.5, subd. (a)), and an aggregate term of five years for the remaining counts.

Appellate counsel for Carr filed an opening brief summarizing the pertinent facts and raising no issues but asking this court to review the record independently. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief includes a

---

[1] All undefined statutory citations are to the Penal Code unless otherwise indicated.

2.

declaration by appellate counsel stating that Carr was advised of his right to file a brief of his own with this court. By letter dated June 4, 2024, we also invited Carr to submit additional briefing. To date, we have not received a response from him.

Following our review of the record, we ordered the parties to brief the following issue: "Does the Sixth Amendment require a jury determination on the aggravating factors relied upon by the trial court here in imposing the upper term sentence? (See *People v. Wiley* (2023) 97 Cal.App.5th 676, 683, review granted Mar. 12, 2024, S283326.) Please address whether any error here is harmless under *People v. Lynch* (Aug. 1, 2024, S274942 ___ Cal.5th ___."

After considering the parties' supplemental briefs, we reach the following conclusions: First, the trial court erred by imposing the upper term sentence without complying with subdivision (b) of section 1170. Absent a stipulation by the parties and excluding the fact of a prior conviction, a jury must find beyond a reasonable doubt each aggravating fact used to justify an upper term sentence. (See *People v. Lynch* (2024) 16 Cal.5th 730, 742, 761 (*Lynch*).) We are persuaded however that the error was harmless under *Chapman v. California* (1967) 386 U.S. 18 (*Chapman*).

Second, the record shows that the trial court erred by failing to credit Carr with the actual days he has spent in custody, from the beginning of his incarceration until his resentencing hearing. Based upon the foregoing, we will remand the matter back to the lower court for the calculation of Carr's custody credits and amendment of the abstract of judgment. We otherwise affirm.

### FACTUAL AND PROCEDURAL HISTORY

On August 9, 2018, the Fresno County District Attorney filed a consolidated information charging Carr with the following crimes: assault with a deadly weapon (§ 245, subd. (a)(1), counts 1 & 12); criminal threats (§ 422, counts 2, 4 & 13); false imprisonment by violence (§ 236, count 3); dissuading a witness from reporting a crime (§ 136.1, subd. (b)(1), count 5); possession of a firearm by a felon (§ 29800, subd. (a)(1),

3.

count 6); possession of ammunition by a felon (§ 30305, subd. (a)(1), count 7); corporal injury to spouse or cohabitant (§ 273.5, subd. (a), count 8); assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4), count 9); misdemeanor cruelty to child by inflicting unjustifiable physical pain or mental suffering (§ 273a, subd. (b), count 10); battery resulting in serious bodily injury (§ 243, subd. (d), count 11); and vandalism (§ 594, subd. (a), count 14). The information further alleged that Carr had served four prior prison terms (§ 667.5, subd. (b)), that he was released from custody on bail or his own recognizance at the time of the commission of counts 1 through 10 (§ 12022.1), that he personally inflicted great bodily injury upon the victim (§ 12022.7, subd. (a)) in the commission of count 1, and that he had personally used a firearm (§ 12022.5, subd. (a)) in the commission of count 4.

On January 7, 2020, Carr withdrew his plea of not guilty and admitted guilt to all charges and enhancements. He plead not guilty by reason of insanity to all counts. Following a motion by the prosecutor, the trial court struck the four prior prison term enhancements allegations (§ 667.5, subd. (b)).

On January 27, 2020, a jury found Carr legally sane on counts 6 and 7, but deadlocked on all remaining counts. The trial court declared a mistrial on these counts.

On April 10, 2020, Carr waived his right to a jury trial on the counts upon which a mistrial was declared and the parties submitted on the evidence received at Carr's jury trial.

On June 30, 2020, the trial court found Carr sane on counts 1 through 5, and 8 through 10, but legally insane on counts 11 through 14, and therefore, not guilty by reason of insanity.

On November 5, 2021, due to the legal insanity verdict, and a conclusion by the trial court that Carr had not been restored to sanity, the trial court committed Carr to the Department of State Hospitals for treatment. As to the counts upon which Carr was found to be legally sane, the court imposed a total determinate prison sentence of 18 years. The court stayed Carr's prison sentence pending restoration of his sanity.

4.

On June 21, 2023, we affirmed Carr's conviction on direct appeal, but remanded the matter back to the lower court for a new sentencing hearing following the enactment of Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill No. 567). (See *People v. Carr* (Jun. 21, 2023, F083650) [nonpub. opn.].)

On November 30, 2023, following a resentencing hearing, the trial court reimposed a sentence of 18 years in state prison.

### The Underlying Incidents

The facts underlying Carr's convictions are not relevant to the instant appeal. We therefore dispense with a recitation of these facts.

### The Resentencing Hearing

At Carr's resentencing hearing, the parties discussed the application of the low term sentencing presumption under section 1170, subdivision (b)(6), as well as the presence of mitigating and aggravating factors based upon Carr's criminal history and his postsentencing conduct.

The trial court acknowledged that Carr had suffered childhood trauma, specifically, a brain injury. However, the court stated, "I do not believe that the trauma that you suffered as a child, in any way, overcomes the aggravating factors that are present in this case, specifically, the prior history, prior criminal history." The court sentenced Carr to a prison term of 18 years, which included the upper term of three years for making criminal threats (count 4), the upper term of 10 years on the attached firearm use enhancement, and an aggregate term of five years for Carr's remaining convictions.

### DISCUSSION

I.  **The Trial Court's Reliance Upon Aggravating Factors to Impose the Upper Term**

Carr contends that in imposing the upper term, the trial court prejudicially erred by relying upon aggravating factors not stipulated to or found true, beyond a reasonable doubt, by a jury. This issue is currently pending before our Supreme Court in *People v.*

*Wiley* (2023) 97 Cal.App.5th 676, 683 (review granted Mar. 12, 2024, S283326 [finding that the Sixth Amendment did not require a jury to determine whether the defendant's convictions were of an increasingly serious nature].)  We conclude that any presumed error is harmless under *Chapman*.[2]

## A. Senate Bill No. 567

Effective January 1, 2022, Senate Bill No. 567 amended section 1170, restricting a trial court's sentencing discretion, including its ability to impose the upper term for a conviction.  (Stats. 2021, ch. 731, § 1.3.)  Pursuant to Senate Bill No. 567, section 1170 now precludes a trial court from imposing a sentence exceeding the middle term for any offense with a sentencing triad, unless "there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (§ 1170, subd. (b)(2).)

In other words, Senate Bill No. 567 provides for a presumptive middle term absent the presence of circumstances in aggravation that justify deviating from the middle term, the facts underlying which have either been stipulated to by the defendant or proven beyond a reasonable doubt at trial.  (§ 1170, subd. (b)(1) & (2).)  Notwithstanding, "the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury."  (§ 1170, subd. (b)(3).)

"Pursuant to subdivision (b)(3) of section 1170, a trial court 'may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury.' "  (*People v. Lopez* (2022) 78 Cal.App.5th 459, 466, disapproved of on other grounds by *Lynch, supra,* 16 Cal.5th at

---

[2]  In light of our conclusion, we need not decide whether Carr's jury trial waiver also operated as a waiver of the right to a jury trial on the presence of any aggravating factors.

p. 760.)  The scope of the "prior conviction exception" is presently pending review by our Supreme Court in *Wiley*.  However, the United States Supreme Court has recently reiterated that under the Sixth Amendment, a judge is permitted "to find only 'the fact of a prior conviction.' "  (*Erlinger v. United States* (2024) 602 U.S. 821, 838.)  "Under that exception, a judge may 'do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of.' "  (*Ibid.*)

## B. Analysis

The Attorney General concedes that under the Sixth Amendment, the trial court was required to submit any aggravating factors it relied upon in imposing the upper term to a jury.  Here, the trial court relied upon two aggravating factors in imposing the upper term:  (1) the fact that Carr's prior convictions were numerous; and (2) that his prior performance on supervision was unsatisfactory.  We agree.

The Attorney General contends however that the error was harmless under *Chapman*.  Again, we agree.  There was uncontested and overwhelming evidence supporting the existence of the aggravating factors relied upon by the trial court in imposing the upper term sentence.

Certified records submitted to the court established that Carr had a lengthy criminal history, a fact which was never disputed below.  (Cal. Rules of Court, rule 4.421(b)(2).)  At the resentencing hearing, the prosecutor submitted certified records from the California Department of Corrections and Rehabilitation and a California Law Enforcement Telecommunications System (CLETS) report which established that Carr had suffered the following prior felony convictions:  a 2002 conviction for the sale of marijuana (Health & Saf. Code, § 11360, subd. (a)); a 2006 conviction for receipt of stolen property (§ 493(a)); a 2010 conviction for the receipt of stolen property (§ 496(a)); and a felony conviction for possession of a firearm by a felon.  Based upon the record, it cannot be reasonably disputed that his convictions are of an increasingly serious nature. (See Cal. Rules of Court, rule 4.414(b)(1).)

Further, during this 12-year period, Carr has been in and out of prison, and has violated his probation or parole six separate times.  The evidence that his prior

performance on parole was unsatisfactory is substantial. (See Cal. Rules of Court, rule 4.414(b)(2).)

Contrary to Carr's assertion, we are persuaded, beyond a reasonable doubt, that a jury would have found true the aggravating factors relied upon by the trial court in imposing the upper term on the counts relevant here. Thus, the error by the trial court in making these findings was harmless. (See *Lynch, supra*, 16 Cal.5th at pp. 761 & 768.)

## II. Calculation of Carr's Custody Credits/Correction of the Abstract of Judgment

Although not raised by the parties, the record further demonstrates that the trial court failed to recalculate Carr's credits for all actual days he spent in custody until the day that he was resentenced, and that the abstract of judgment does not include the date of the resentencing proceeding.

In our prior appeal, we vacated Carr's sentence and remanded the matter back to the lower court for a full resentencing. At the resentencing hearing, the trial court was required to calculate all actual time that Carr had served in custody, credit that time against his new sentence, prepare an amended abstract of judgment, and forward a copy of the amended abstract of judgment to the California Department of Corrections and Rehabilitation (CDCR). (See § 2900.1 ["[w]here a defendant has served any portion of his sentence under a commitment based upon a judgment which judgment is subsequently declared invalid or which is modified during the term of imprisonment, such time shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts"]; *People v. Buckhalter* (2001) 26 Cal.4th 20, 23 ["When … an appellate remand results in modification of a felony sentence during the term of imprisonment, the trial court must calculate the *actual time* the defendant has already served [in custody] and credit that time against the 'subsequent sentence.' "]; *People v. Saibu* (2011) 191 Cal.App.4th 1005, 1012, citing § 2900.5, subds. (a), (d) ["The sentencing court must determine such time and reflect it in the abstract of judgment].) "The CDCR is [then] responsible for calculating a defendant's postsentence [conduct] credits." (*People v. Dean* (2024) 99 Cal.App.5th 391, 397.)

8.

The abstract of judgment reflects the trial court's initial calculations, from when it determined that Carr had been restored to sanity and ordered him to begin serving his prison sentence (see § 1026.2, subd. (m)).  Neither the oral pronouncement of judgment from Carr's resentencing hearing nor the abstract of judgment reflects that the trial court recalculated Carr's actual days spent in custody.  Moreover, the abstract of judgment does not reflect the correct date that Carr's resentencing hearing was held.  We will therefore remand the matter back to the lower court for calculation of Carr's time in custody, and amendment of the abstract of judgment.

## **DISPOSITION**

The trial court is directed to recalculate all actual time that Carr had served in custody and to prepare an amended abstract of judgment that reflects the resentencing date and the recalculated credit amount.  A certified copy of the amended abstract of judgment shall be provided to the Department of Corrections and Rehabilitation.  The judgment is otherwise affirmed.