Filed 5/6/22  P. v. Hauptman CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TYLER HAUPTMAN,<br><br>Defendant and Appellant. | F081862<br><br>(Kern Super. Ct. No. BF172606A)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Gary T. Friedman and John S. Somers, Judges.[†]

Michael C. Sampson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Franson, Acting P. J., Meehan, J. and De Santos, J.

[†] Judge Friedman presided over the jury trial; Judge Somers presided over the October 11, 2018, sentencing hearing and the September 29, 2020, hearing on remand.

# INTRODUCTION

Appellant and defendant Tyler Hauptman was convicted of first degree residential burglary and sentenced to state prison. In his first appeal, we remanded the matter for the trial court to consider whether it should exercise its discretion and strike the prior serious felony enhancement based on amendments to Penal Code[1] section 667, subdivision (a), stay a concurrent term, and for the opportunity to raise any issues about the imposition of fines and fees, and otherwise affirmed.

On remand, the trial court denied defendant's motion to stay the enhancement, defendant did not raise any issues about the fines and fees, and the court stayed the concurrent term previously imposed. The court declined to recalculate defendant's actual time in custody and deferred the calculation to the California Department of Corrections and Rehabilitation (CDCR). In this appeal, the parties agree the matter must again be remanded for the trial court to calculate his actual time credits.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 11, 2018, defendant was arrested after he was seen leaving an apartment that had just been burglarized. The resident's stolen goods were found three feet away from where he was initially detained.

On September 13, 2018, after a jury trial, defendant was convicted as charged of count 1, first degree burglary (§ 460, subd. (a)); and count 3, misdemeanor receiving stolen property (§ 496, subd. (a)). The court found true the allegations that he had one prior strike conviction (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), one prior serious felony enhancement (§ 667, subd. (a)), and one prior prison term enhancement (§ 667.5, subd. (b)).

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

**The Sentencing Hearing**

On October 11, 2018, the court conducted the sentencing hearing and denied defendant's request to dismiss the prior strike conviction. The court imposed an aggregate term of 17 years based on the upper term of six years for count 1, first degree burglary, doubled to 12 years as the second strike term; a consecutive term of five years for the prior serious felony enhancement; and a concurrent term of 364 days for misdemeanor count 3. The court also imposed fines and fees. Defendant received credit for 123 actual days served in custody, plus 122 good time and work time credits, for a total of 245 days.

On October 12, 2018, defendant filed a timely notice of appeal.

**First Appeal**

As explained above, on June 12, 2020, in defendant's first appeal, this court remanded the matter to the trial court to stay the concurrent term imposed for count 3, misdemeanor receiving stolen property; determine whether to exercise its discretion to strike the five-year prior serious felony enhancement under section 667, subdivision (a), and section 1385, subdivision (b), as amended by Senate Bill No. 1393 (2017–2018 Reg. Sess.) and, if appropriate following exercise of that discretion, to resentence defendant accordingly; and for defendant to have the opportunity to challenge the fines and fees imposed; and otherwise affirmed.

**Proceedings on Remand**

On September 29, 2020, the trial court held the hearing on remand. The court heard argument from both parties as to defendant's motion to dismiss his prior serious felony enhancement.

Thereafter, the court recognized it had discretion to dismiss the five-year enhancement, declined to do so, and denied defendant's motion. Defendant did not raise any issues about the court's prior imposition of the fines and fees.

3.

The court reimposed the original sentence of 17 years, with all fines, fees, and other conditions to remain as originally imposed.

The court asked defendant if he knew the rate that CDCR was awarding him for good time and work time credits. Defendant replied it was 80 percent. At the conclusion of the hearing, the court stated: "[Defendant's] credits are as pretrial credits. I should say or pre-sentencing credits are the same rate and same amount awarded prior to trial and of course will be continued to be recalculated by the Department of Corrections at the appropriate rate according to law."

**Appellate Counsel's Section 1237.1 Request**

On September 29, 2020, defendant filed a notice of appeal from the court's rulings on that day.

On March 16, 2021, the trial court filed an amended abstract of judgment after the September 29, 2020, hearing on remand, showing that defendant was sentenced to 17 years with the same fines and fees. This abstract again showed that defendant received credit for 123 actual days served in custody, plus 122 good time and work time credits, for a total of 245 days.

On March 25, 2021, appellate counsel filed a letter with the trial court pursuant to section 1237.1, stating that the court should have updated defendant's actual days of imprisonment, but not his conduct credits, at the September 29, 2020, hearing on remand pursuant to *People v. Buckhalter* (2001) 26 Cal.4th 20 (*Buckhalter*). Counsel requested the court prepare and send an amended abstract of judgment to CDCR.

On April 2, 2021, the trial court filed another amended abstract of judgment that was identical to that filed on March 16, 2021, with the added notation: "CDC to update custody credits."

## DISCUSSION

Defendant contends, and the People agree, that the trial court improperly delegated to CDCR the authority to calculate his time credits at the September 29, 2020, hearing on

4.

remand.  "When … an appellate remand results in modification of a felony sentence during the term of imprisonment, the trial court must calculate the *actual time* the defendant has already served and credit that time against the 'subsequent sentence.' " (*Buckhalter*, *supra*, 26 Cal.4th at p. 23; *People v. Garner* (2016) 244 Cal.App.4th 1113, 1118; *People v. Saibu* (2011) 191 Cal.App.4th 1005, 1012.)

At the September 29, 2020, hearing on remand, the court stayed the sentence imposed for count 3 pursuant to section 654.  We agree with the parties that the trial court improperly delegated the calculation of defendant's actual credits to CDCR because the court, "having modified defendant's sentence on remand, was obliged, in its new abstract of judgment, to credit him with all *actual* days he had spent in custody, whether in jail or prison, up to that time."  (*Buckhalter, supra*, 26 Cal.4th at p. 37.)  The matter must thus be remanded again.

## DISPOSITION

The matter is remanded for the trial court to calculate defendant's actual days in custody as directed by *Buckhalter* and to prepare and forward to CDCR, and all appropriate parties, an amended abstract of judgment.  In all other respects, the judgment is affirmed.