Filed 7/17/24  P. v. Melara CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B330582 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA427561) |
| v. | |
| OSKAR MELARA, | |
| Defendant and Appellant. | |

APPEAL from the judgment of the Superior Court of Los Angeles County, David V. Herriford, Judge.  Affirmed.

Tanya Dellaca, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant Oskar Melara appeals from an order resentencing him after remand from this court. His appellate counsel found no arguable issues to raise on appeal and filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

In 2017, a jury convicted Melara of second degree murder (Pen. Code, § 187),[1] and found true allegations that he committed the murder for the benefit of a criminal street gang with the specific intent to promote, further, and assist in criminal conduct by gang members (§ 186.22, subd. (b)(4)), and that a principal personally and intentionally discharged a firearm causing great bodily injury and death (§ 12022.53, subds. (d) & (e)). The court sentenced him to 15 years to life for the murder conviction plus 25 years to life for the firearm enhancement. The court also imposed a restitution fine and certain statutory assessments (§§ 1202.4, subd. (b), 1465.8, subd. (a)(1); Gov. Code, § 70373), and ordered Melara to pay $12,420.50 in victim restitution (§ 1202.4, subd. (f)).

We affirmed the trial court's judgment in an unpublished opinion. (*People v. Melara* (Feb. 5, 2020, B289019) (*Melara I*), review granted Apr. 29, 2020, S261087.) The Supreme Court granted review and later transferred the cause to this court with directions to vacate our decision and reconsider the matter in light of *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*), which held that trial courts have discretion to impose a lesser

---

[1] All subsequent statutory references are to the Penal Code.

uncharged firearm enhancement under section 12022.53. (*Tirado*, *supra*, at p. 700.)

We vacated our decision in *Melara I*, reconsidered the cause in light of *Tirado*, and in December 2022 filed our unpublished opinion in *People v. Melara* (Dec. 1, 2022, B289019) (*Melara II*). In addition to considering the issue decided in *Tirado*, we considered the effect of recent ameliorative changes in the law. (See Assem. Bill No. 333  (2021–2022 Reg. Sess.), (Stats. 2021, ch. 699); Sen. Bill No. 567 (2021–2022 Reg. Sess.), (Stats. 2021, ch. 731, § 1.3).)

Our disposition in *Melara II* states:  "The matter is remanded for retrial of the gang enhancement allegation under the amendments to section 186.22, during which time Melara may raise evidentiary challenges pursuant to *People v. Valencia* [(2021)] 11 Cal.5th 818.  [¶]  The matter is also remanded for resentencing as follows:  If the gang enhancement allegation is not found to be true, the trial court shall strike the gang-firearm enhancement sentence.  If the gang enhancement allegation is found true, the trial court shall consider (1) whether, pursuant to section 12022.53, subdivision (h) and *Tirado, supra*, 12 Cal.5th 688, to impose a term for a lesser included uncharged gang-firearm enhancement articulated in section 12022.53; and (2) whether, pursuant to section 1170, subdivision (b)(6), to impose the lower term for the gang-firearm enhancement articulated in section 12022.53.  [¶]  We otherwise affirm the judgment." (*Melara II*, *supra*, B289019.)

Melara did not petition for review of *Melara II*. We issued our remittitur on February 1, 2023.[2]

On February 10, 2023, the People informed the trial court that the prosecution would not retry the gang enhancement allegations.

In a letter to the court dated March 26, 2023, Melara requested "a new public defender be appointed to represent [him], due to the conflict of interest with [his appointed counsel]." On April 13, 2023, the court held a hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118. The court concluded that "there is no breakdown in attorney-client relationship," and denied Melara's request.

On April 13, 2023, the court dismissed the gang allegation and the firearm enhancement and sentenced Melara to 15 years to life in prison pursuant to section 190, subdivision (a). The court thereafter granted Melara's ex parte motion to correct the calculation of custody credits on the abstract of judgment to reflect the time he was incarcerated since the original sentencing and to amend the victim restitution order to state that restitution is to be paid jointly and severally with a codefendant.

Melara timely appealed, and we appointed counsel for him.

## DISCUSSION

Melara's counsel filed a brief pursuant to *Wende*, *supra*, 25 Cal.3d 436, identifying no issues on appeal and requesting that we independently review the record to determine whether there are any arguable issues. Counsel provided Melara with

---

[2] On our own motion, we take judicial notice of our opinion in *Melara II* and the issuance of our remittitur in that case. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

4

a copy of the *Wende* brief and the appellate record, and informed Melara of his right to file a supplemental brief.  This court also informed Melara that he "may submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments which [he] wishes this court to consider."  Melara did not file a supplemental brief.

Under *Wende* and its progeny, counsel's no-issue brief must set forth a summary of "the proceedings and the facts with citations to the record."  (*People v. Kelly* (2006) 40 Cal.4th 106, 119 (*Kelly*); see *People v. Feggans* (1967) 67 Cal.2d 444, 447 [a no-issue brief shall include "a statement of the facts"].)  This requirement "both ensures that a trained legal eye has searched the record for arguable issues and assists the reviewing court in its own evaluation of the case."  (*Smith v. Robbins* (2000) 528 U.S. 259, 281.)  Consistent with this purpose, the brief should include a factual summary to the extent the facts could conceivably reveal an arguable issue and assist the reviewing court in conducting the independent review of the record required under *Wende*.

Melara's counsel's *Wende* brief includes a description of the facts and procedural history concerning the proceedings after remand.  It expressly omits, however, a statement of facts concerning the underlying crime of conviction.  Counsel explained the omission by stating that the "appeal raises no issues concerning the facts of the underlying offenses."  The omission, however, raises a question as to whether the brief satisfies the requirement that counsel provide a summary of "the facts."  (*Kelly*, *supra*, 40 Cal.4th at p. 119.)  We conclude that it does.

5

Our remittitur in *Melara II* narrowly proscribed the trial court's jurisdiction on remand: If, as it so happened, the prosecution did not retry and prove the gang allegations, the court was to resentence defendant by "strik[ing] the gang-firearm enhancement." (*Melara II*, *supra*, B289019; see *Snukal v. Flightways Manufacturing, Inc.* (2000) 23 Cal.4th 754, 774, fn. 5 ["the terms of the remittitur define the trial court's jurisdiction to act"].) We otherwise affirmed the judgment. Upon striking the firearm enhancement, it remained only for the court to sentence Melara on the conviction of second degree murder, for which the only lawful sentence is 15 years to life (§ 190, subd. (a); *People v. Estrada* (2020) 58 Cal.App.5th 839, 843), and to recalculate Melara's custody credits (see *People v. Buckhalter* (2001) 26 Cal.4th 20, 29, 37, 41; *People v. Saibu* (2011) 191 Cal.App.4th 1005, 1012). The underlying facts of Melara's crime were thus irrelevant to the trial court after remand and are unnecessary for our review. We therefore agree with Melara's counsel that a summary of the facts of the underlying offense in her *Wende* brief was not required. For the same reasons, we do not include such a summary in our opinion.

We are satisfied that Melara's counsel has fully complied with her responsibilities. (*Wende, supra,* 25 Cal.3d at p. 441.)

We have reviewed the record, including the record of the post-remand *Marsden* hearing and the court's rulings correcting the calculation of custody credits and modifying the victim restitution order. We find no arguable issues on appeal. Accordingly, we affirm the judgment.

## DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED</u>.

ROTHSCHILD, P. J.

We concur:

BENDIX, J.

WEINGART, J.

7