Filed 6/23/25  P. v. Ward CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F088726 |
| Plaintiff and Respondent, | (Super. Ct. No. VCF353970) |
| v. | |
| PAUL BRIAN WARD, | OPINION |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Juliet L. Boccone, Judge.

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Ian Whitney and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Smith, Acting P. J., DeSantos, J. and Fain, J.[†]

[†]      Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Defendant and appellant Paul Brian Ward (defendant) was convicted in 2019 of attempted murder and 10 other associated offenses. The trial court imposed a total sentence of seven years to life plus five years four months. In 2024, defendant was resentenced on the same offenses to a total term of seven years to life plus three years four months. However, the 2024 abstracts of judgment did not accurately reflect defendant's actual custody credits and good conduct credits. In response to a *Fares* letter,[1] the court attempted to correct the 2024 abstracts of judgment. In this appeal, defendant contends that the current abstracts of judgment still do not reflect the credits to which defendant is entitled. The People agree with defendant. We also agree and remand this matter for the court to issue amended abstracts of judgment.

## BACKGROUND

On November 25, 2019, a jury convicted defendant of attempted murder (count 1; Pen. Code,[2] §§ 664/187, subd.(a)); assault on a peace officer (count 2; § 245, subd. (c)); resisting an executive officer (counts 3, 4, & 5; § 69); attempted weapon removal (count 7; §§ 664/148, subd. (b)); assault by means of force likely to cause great bodily injury (count 8; § 245, subd. (c)(4)); attempted criminal threats (count 9; §§ 664/422); battery on emergency personnel (count 10; § 243); and battery (counts 11 & 12; § 242).

On December 20, 2019, the trial court imposed a total sentence of seven years to life plus five years four months. The court awarded defendant 872 days of actual custody credit and 130 days of good conduct credit.

On July 21, 2023, the Second District Court of Appeal affirmed defendant's convictions but remanded the matter for the trial court to resentence defendant in light of recent legislative enactments.

---

[1]     A "*Fares* letter" refers to *People v. Fares* (1993) 16 Cal.App.4th 954.

[2]     All further statutory references are to the Penal Code.

2.

On July 29, 2024, the trial court resentenced defendant to a total sentence of seven years to life plus three years four months. The court awarded defendant 1,095 days of actual custody credits for the determinate term of the sentence and awarded 982 days of actual custody credits for the indeterminate term of the sentence; no good conduct credits were awarded.

On September 20, 2024, appellant submitted a pro. per. notice of appeal, which was filed on September 26, 2024.

On February 24, 2025, defendant's appointed counsel sent a *Fares* letter to the trial court. The *Fares* letter explained that the July 29, 2024 probation report correctly calculated defendant's actual custody credits to be 2,557 days and that defendant had been awarded 130 days of good conduct credit at his December 20, 2019 sentencing.

On March 12, 2025, the trial court issued two new abstracts of judgment, one on a form CR-290, which encompasses defendant's determinate term, and the other on a form CR-292, which encompasses defendant's indeterminate term. For both the form CR-290 and form CR-292, there is a section entitled "Credit for Time Served," which has three columns: "Total Credits," "Actual," and "Local conduct." (Some capitalization omitted.) The form CR-290 for the determinate term indicated defendant was entitled to 1,575 days of "total credits," while the form CR-292 for the indeterminate term indicated that defendant was entitled to 982 days of "total credits." Neither form had figures in the "actual" and "local conduct" columns, rather, the numbers were only in the "total credits" column.

## DISCUSSION

### A.    Parties' Arguments

Defendant argues that he was awarded 130 days of good conduct credit when he was sentenced in December 2019 and that the probation report correctly calculated that he was entitled to 2,557 days of actual custody credit. However, the abstracts of judgment do not include the 130 days of good conduct credit. Because the Department of

Corrections and Rehabilitation will have to calculate all applicable good time credits earned following the original December 2019 sentencing hearing, defendant argues that the abstracts of judgment must be amended to reflect both the 2,557 days of actual custody credit and the 130 days of good conduct credit.

The People agree with defendant. For clarity, the People request that all credits be listed on the form CR-290 for the determinate term, and that the form CR-292 for the indeterminate term simply reference the credits section of the form CR-290.

### B. Legal Standard

"Where a defendant has served any portion of his sentence under a commitment based upon a judgment which judgment is subsequently declared invalid or which is modified during the term of imprisonment, such time shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts." (§ 2900.1; *People v. Buckhalter* (2001) 26 Cal.4th 20, 32; *People v. Sek* (2022) 74 Cal.App.5th 657, 673.) Through application of section 2900.1, when a defendant is serving a sentence and then is resentenced, the defendant is entitled to a new abstract of judgment that includes time credits for the time he served on the original sentence up to the time of resentencing. (*Buckhalter*, at p. 41; *People v. Trammel* (2023) 97 Cal.App.5th 415, 436–437; *Sek*, at p. 673; *People v. Garner* (2016) 244 Cal.App.4th 1113, 1118–1119; *People v. Saibu* (2011) 191 Cal.App.4th 1005, 1012.) However, once a defendant begins to serve his sentence, he is "not eligible to earn additional credits for good behavior as a presentence detainee." (*Buckhalter*, at p. 29.) Instead, the agency to which the defendant is committed is responsible for calculating good conduct credits once the defendant begins serving his sentence. (*Id.* at pp. 30–31, 37; *Sek*, at p. 673.)

### C. Discussion

We agree with the parties that the 2024 probation report correctly calculated defendant's actual custody credits to be 2,557 days. We also agree with the parties that the abstracts of judgment do not reflect all credits to which defendant is entitled.

4.

Specifically, while a total of 2,557 days is reflected in the two abstracts of judgment, the 130 days of good conduct credit is not accounted for.  The failure to account for the 130 days of good conduct credit is error.  (*People v. Buckhalter*, *supra*, 26 Cal.4th at p. 30.)  Therefore, the abstracts of judgment must be corrected through remand.

The People request that we direct the trial court to include all credits in the form CR-290 abstract of judgment and then reference that abstract in the credits section of the form CR-292 abstract of judgment.  Defendant did not file a reply and thus, did not object to the People's request.  In the absence of an objection from defendant, we will accede to the People's request.

### DISPOSITION

This matter is remanded to the trial court with instructions to issue amended abstracts of judgment.  In section 16 (entitled "Credit for Time Served") of the form CR-290 abstract of judgment, the court shall enter 2,557 credits for the "actual" column, 130 credits for the "local conduct" column, and 2,687 credits for the "total credits" column.  In section 15 (entitled "Credit for Time Served") of the form CR-292 abstract of judgment, the court shall enter "See Section 16 of CR-290."