Filed 10/16/25  P. v. Morris CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ORVILLE MARCELL MORRIS,<br><br>Defendant and Appellant. | C101581<br><br>(Super. Ct. No. STK-CR-FE-1999-0005829) |

In 1999, a jury found defendant Orville Marcell Morris guilty of attempted robbery.  (Pen. Code,[1] §§ 664, 211.)  A jury also found true numerous enhancement allegations, including two one-year prior prison term enhancements (former § 667.5, subd. (b)) and two five-year prior serious felony enhancements (§ 667.5, subd. (a)).  The trial court sentenced defendant to an aggregate term of 35 years to life in state prison.

In 2022, defendant was resentenced pursuant to Senate Bill No. 483 (2021-2022 Reg. Sess.) (Senate Bill No. 483) (Stats. 2021. ch. 728) because his judgment included now invalid prior prison term enhancements.  (§ 1172.75, subd. (a).)  At resentencing, the trial court struck the prior prison term and prior serious felony enhancements but declined to dismiss his prior strike enhancements.  Defendant was resentenced to 25 years to life.

---

[1]      Undesignated statutory references are to the Penal Code.

1

On appeal, defendant argues, and the People agree, that the trial court failed to recalculate defendant's custody credits at resentencing and specify the updated total in the amended abstract of judgment. The parties also stipulate that the balance of defendant's restitution fine must be stricken pursuant to recently enacted section 1465.9, subdivision (d). We agree and will remand the matter to the trial court for the limited purpose of correcting the sentencing errors. In all other respects, we affirm.

BACKGROUND

We omit a discussion of the facts underlying defendant's conviction because they are not relevant to the issues raised on appeal.

In 1999, a jury convicted appellant of attempted robbery (§§ 664, 211). In a bifurcated proceeding, the jury found true two prior strike allegations (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), two prior serious felony enhancements (§ 667, subd. (a)), and two prior prison term enhancements (former § 667.5, subd. (b)). The trial court stayed the two prior prison term enhancements and sentenced defendant to 25 years to life, plus 10 years. The court awarded defendant 446 days of custody credit: 297 days of actual credit and 149 days of conduct credit, and ordered him to pay a $2,000 restitution fine pursuant to section 1202.4, subdivision (b).

In 2022, the trial court issued an ex parte order indicating defendant was a person in the custody of the California Department of Corrections and Rehabilitation (CDCR) serving a prison term for a judgment that included now invalid prior prison term enhancements. The trial court appointed counsel and set the matter for a resentencing hearing.

Defendant filed a resentencing brief arguing that the trial court must dismiss his prior prison term enhancements because they are legally invalid. (See § 1172.75.) Defendant also asked the court to exercise its discretion under section 1385, to dismiss one of the prior strike convictions and the two prior serious felony enhancements.

At resentencing, the trial court dismissed the prior prison term and prior serious felony conviction enhancements; however, the court declined to dismiss either prior strike enhancement and resentenced defendant to 25 years to life in state prison.

DISCUSSION

A.     *Custody Credits*

Effective January 1, 2022, Senate Bill No. 483 added section 1171.1, later renumbered as section 1172.75, to the Penal Code.  Subdivision (a) of that section provides that effectively any prior prison term enhancement "imposed prior to January 1, 2020, . . . is legally invalid."  (§ 1172.5, subd. (a).)

Section 1172.75 also sets forth a procedure for defendants serving a sentence with a prior prison term enhancement to obtain relief.  First, the CDCR must identify such defendants and notify the court that sentenced them.  (§ 1172.75, subd. (b).)  Next, the sentencing court must review the judgment of each identified defendant and determine whether it includes a qualifying prior prison term enhancement.  (§ 1172.75, subd. (c).)  If so, the sentencing court must recall the sentence and resentence the defendant.  (*Ibid*.)

"By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements."  (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402; see § 1172.75, subd. (d)(2).)  Thus, section 1172.75 authorizes the resentencing court to "revisit all prior sentencing decisions."  (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425.)

At defendant's original sentencing, the trial court awarded defendant 446 days of custody credits, consisting of 297 days of actual custody credits and 149 days of conduct credits.  At resentencing, the court did not address custody credits, and the "credit for time served" section of the amended abstract of judgment continues to reflect 446 days, with the notation "Date Sentence Pronounced 02[/]17[/]2000."

We agree with the parties that the trial court was required to recalculate defendant's custody credits at the time of resentencing.  "Where a defendant has served

3

any portion of his sentence under a commitment based upon a judgment which judgment is subsequently . . . modified during the term of imprisonment, such time shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts." (§ 2900.1; *People v. Saibu* (2011) 191 Cal.App.4th 1005, 1012; cf. *People v. Buckhalter* (2001) 26 Cal.4th 20, 23 [trial court must calculate time served and credit against subsequent sentence when remand results in modification of a felony sentence].)

Because the trial court failed to comply with this requirement, we remand for the limited purpose of allowing the court to recalculate defendant's custody credits and to award such credits in an amended abstract of judgment. (See *People v. Buckhalter, supra*, 26 Cal.4th at p. 41.)

B.     *Restitution Fine*

Effective January 1, 2025, Assembly Bill No. 1186 (2023-2024 Reg. Sess.) (Stats. 2024, ch. 805, § 1) amended section 1465.9 to add subdivision (d), which provides: "Upon the expiration of 10 years after the date of imposition of a restitution fine pursuant to Section 1202.4, the balance, including any collection fees, shall be unenforceable and uncollectible and any portion of a judgment imposing those fines shall be vacated."

The parties agree that any balance still owing on the restitution fine imposed at defendant's original sentencing in 2000 is now unenforceable and uncollectable, and that portion of the judgment must be vacated. Here, however, the trial court did not impose any fines or fees at resentencing. The minute order does say the original sentence will remain "in full force and effect except as modified herein," but the amended abstract of judgment reflects an order directing defendant to pay $2,000 in direct victim restitution (which was never ordered by the court).

Accordingly, neither the minute order nor the amended abstract reflects the judgment of the trial court. (*People v. Delgado* (2008) 43 Cal.4th 1059, 1070 [oral pronouncement of judgment prevails over a conflicting written description of it].) And

4

the amended abstract of judgment conflicts with the court's minute order. These errors must be corrected on remand, bearing in mind that any balance due on the previously imposed restitution fine is no longer enforceable or collectible.

## DISPOSITION

The matter is remanded to the trial court for the limited purpose of allowing the trial court to recalculate the custody credits to which defendant is eligible on his resentencing and to correct the fines and fees portion of the judgment. The trial court shall prepare an amended abstract of judgment reflecting the updated award of custody credits and the correct amount of fines and fees, if any. The trial court shall then forward the amended abstract of judgment to the appropriate entities. In all other respects, the judgment is affirmed.

\s\                          ,
Krause, J.

We concur:

\s\                  ,
Hull, Acting P. J.

\s\                  ,
Wiseman, J.*

---

*        Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.